DEBORAH MERRITT v. E. W. SCOTT and wife.

*Improvements upon Land—Life-Tenant—Remainderman—Evidence—Rents and Profits.*

1. Improvements put on land by a life-tenant during his occupancy thereof do not constitute a charge upon the land when it passes to a remainderman.

2. A defendant in possession of land under the belief that he has a good title, has the right to show in evidence in an action to recover the land, that he has in good faith made permanent improvements after his estate had expired and their value, to the extent of the rents and profits claimed by the plaintiff. Bat. Rev., ch. 17, § 262 (1).

3. Remarks of SMITH, C. J., upon the provisions of the act of assembly in such cases.

(*Dowd* v. *Faucett*, 4 Dev., 92, cited and approved.)

CIVIL ACTION to recover Land, tried at Spring Term, 1879, ·of JONES Superior Court, before *Seymour, J.*

The case states that it was conceded the plaintiff is entitled to recover the land, and the only question was whether ·defendant is entitled to the value of certain permanent improvements made upon the land by him ; to ascertain which he offered to prove that while in possession of the *locus in ·quo* and under the belief that he had a good title, he had made such improvements, and to show their value. The evidence was excluded and defendant excepted. The facts appear in the opinion. Verdict for plaintiff, judgment, appeal by defendant.

*Messrs. H. R. Bryan, A. G. Hubbard, W. E. Clarke* and *F. M. Simmons,* for plaintiff:

Cited and remarked upon *Henly* v. *Wilson,* 77 N. C., 216 ; *Thompson* v. *Blair,* 3 Murp., 583 ; *Gillespie* v. *Moore,* 2 Johns. ·Ch., 585 ; *Moore* v. *Vallentine,* 77 N. C., 188 ; 2 Washb. on Real Property, 491 ; Acts 1871–'72, ch. 147. This case distinguishable from *Pope* v. *Whitehead,* 68 N. C., 191, and *Daniel* v. *Crumpler,* 75 N. C., 184.

*Messrs. Green & Stevenson,* for defendant :

The court erred in excluding the evidence. *Pope* v. *Whitehead,* 68 N. C., 191 : *Daniel* v. *Crumpler,* 75 N. C., 184 ; *Towles* v. *Fisher.* 77 N. C., 437 ; Bat. Rev,, ch. 17, pp. 206, 262. See

also *Glick* v. *Gregg,* 19 Ohio, 57; *Willingham* v. *Long,* 47 Ga.,
540; ........v. *Ten Eyck,* 40 Iowa, 213.

SMITH, C. J.   The tract of land described in the complaint
was in 1842 conveyed by James Merritt, the owner, to his
son John Merritt, in trust for another son Francis Merritt
for life, remainder to his wife, Deborah, for life or widow-
hood, and with a further limitation over at her death or
marriage, to the children of Francis then living.   John
Merritt, the trustee, died intestate, leaving children, who
with the said Deborah are the plaintiffs in this action.   The
life-tenant, Francis, who is also dead, in his life-time con-
veyed his estate to one John Cox, and after his death his ad-
ministrator, under proceedings in the probate court and
with license therefor, sold and conveyed the land to the de-
fendant, Edward Scott.   The object of the suit is to recover
the land for the use of said Deborah, and damages for its de-
tention since the death of Francis Merritt.

No issue as to title is made and in the enquiry before the
jury as to the damages, the defendant offered to show in
support of the defence set up in his answer, that valuable
improvements had been made on the lands both by himself
and the preceding occupant, in the erection of useful build-
ings, and by ditching, fencing, and manuring, whereby the
value of the land had been greatly enhanced.   The evi-
dence on objection from plaintiff was excluded, and the ex-
ception to this ruling of the court is the only point present-
ed in the appeal.

Under instructions, the jury assessed the damages from
August 18th, 1873, which we suppose to be the date of the
determination of the first life estate, at the rate of one hun-
dred dollars per annum.   Whether these improvements or
any of them were made during the years for which the de-
fendant is charged for rent, does not appear.

We think it clear that improvements of any kind put upon

land by a life tenant during his occupancy, constitute no charge upon the land when it passes to the remainderman. He is entitled to the property in its improved state, without deduction for its increased value by reason of good management, or the erection of buildings by the life tenant, for the obvious reason that the latter is improving his own property and for his own present benefit. This proposition is too plain to need the citation of authority.

For subsequent rents and uses he is entitled to have the amount reduced by those improvements. Suppose, while holding over, the defendant had by such improvements as in the answer are alleged to have been made, rendered the land more valuable, as it comes to the remainderman, would it not be reasonable he should pay a smaller rent than if nothing of the kind had been done? So if no repairs were made and the buildings had gone to decay, and by mismanagement and bad cultivation, the farm had been abused and its value impaired, a full and larger rent might justly be required of the tenant.

The evidence of such improvements as were made by the defendant, after his estate expired, and he became chargeable with rent, ought to have been admitted and considered by the jury in measuring the value of the rent, and in mitigation of damages. The evidence was competent for this purpose only, and not, in case the improvements were worth more than the rents, to constitute a counterclaim for the excess.

The rule is thus stated by Mr. Tyler: "The defendant should be allowed the value of his improvements made in good faith, to the extent of the rents and profits claimed, and this is the view of the subject which is supported by the authorities." Tyler on Eject., 849.

Referring to the action for mesne profits which might be brought after a recovery in ejectment, RUFFIN, C. J., uses this language: "The jury can then make fair allowance out

of the rents, *and to their extent,* for permanent improvements honestly made by the defendant, and actually enjoyed by the plaintiff, taking into consideration all the circumstances." *Dowd* v. *Faucett,* 4 Dev., 92.

Thus far the jury should have been allowed to hear and consider the evidence, in assessing the sum which the defendant should pay for the use of the premises, for it is quite apparent the improvements were made in good faith and will enure to the plaintiff's benefit.

As a counterclaim and to charge the land therewith when the estate in remainder is vested in Deborah, the evidence is totally inadmissible under the act of February 8th, 1872. Bat. Rev., ch. 17, § 262 (a) and the sections following. The act is not applicable to a case like this, but to independent and adversary claims of title, and was intended to introduce a just and reasonable rule in regard to them.

The owner of land who recovers it has no just claim to anything but the land itself and a fair compensation for being kept out of possession; and if it has been enhanced in value by improvements made under the belief that he was the owner, *the increased* value he ought not to take without some compensation to the other. This obvious equity is established by the act. But to enjoy its benefits, a party after judgment must file his petition and ask to be allowed for his permanent improvements, "over and above the value of the use and occupation of such land."

If the court is satisfied of the probable truth of the allegation, and the case is one to which the statute applies, and this must be preliminarily determined, it may suspend execution and cause a jury to be impaneled "to assess the damages of the plaintiff and the allowance to the defendant" for his permanent improvements, "over and above the value of the use and occupation of the land."

This course has not been pursued, and the evidence is offered in the trial without any previous application to the

judge, or his assent being obtained. But waiving the informality, we are not prepared to say the judge was in error in disallowing the evidence for the purpose of establishing a counter-claim for the excess. The defendant is entitled to have his claim for improvements made since the expiration of his own estate, considered by the jury in estimating the value of the rents, under appropriate instructions from the court in relation thereto. For this error in wholly rejecting the evidence there must be a *venire de novo*, and it is so ordered.

Error.                                                    *Venire de novo.*