B. T. JUSTICE et als. v. J. O. BAXTER.

*Betterments—Notice.*

Where the title to the land was in a *feme covert* who married in 1846, when under age, and she and her husband executed a bond to convey the land after she became of age to a party from whom the defendant derived title by mesne conveyances, which bond was never registered, and the defendant had no actual notice of any defect in his title, which he believed to be good; *Held*, that the doctrine of constructive notice from registration did not apply to such party, and that he was entitled to compensation under the act—The Code, §473—for permanent improvements made by him on the land.

(*Thompson* v. *Blair*, 3 Murph., 583; *Holmes* v. *Holmes*, 86 N. C., 205; *Merritt* v. *Scott*, 81 N. C., 385, cited and approved).

This was a CIVIL ACTION tried at the Special Term held in February, 1885, of the Superior Court of CRAVEN county, before *Shipp, Judge.*

There was judgment for the plaintiffs, from which the defendant appealed.

The facts are stated in the opinion of the Court.

*Messrs. Green & Stevenson,* for plaintiffs.
*Messrs. Simmons & Manly,* for defendant.

SMITH, C. J.   This action, instituted to establish the plaintiffs' title to the land described in the complaint and to recover the possession, terminated at Spring Term, 1882, of Lenoir Superior Court, in a judgment for the plaintiffs in the following form :

" This action coming on to be heard, it is ordered and adjudged, with the consent of all the parties thereto, given in open Court, that the plaintiffs were entitled to the lands, in the pleadings mentioned, in fee simple absolute, at the commencement of the action, and up to the last Term of the Court, since which time the plaintiff B. T. Justice has conveyed his undivided one-third interest to the defendants, Alice Ferrebee, W. W. Ferrebee, J. W. Dawson and wife, S. E. Dawson, W. T. Caho, Israel Boomer, J. L. Bryan, J. W. Brabble, John H. Nichols, J. O. Baxter, and Jas. S. Lane :

"And it is further ordered and adjudged, consent being given in manner aforesaid, that the plaintiffs do recover of the defendants aforesaid, the possession of the said lands, the execution to be suspended until the question of betterments can be determined according to law—provided that the defendants do proceed, without delay, and provided further, that the value of the use and occupation of the said lands by the defendants, shall be determined in said proceedings in respect to betterments."

Thereupon the defendant J. O. Baxter applied to the Court, by petition, wherein he alleges, that holding the premises under the deed purporting to convey the fee, and believed by him to pass the title, he has made permanent improvements upon the land, and prays that he may be allowed for the same over and above the value of the use and occupation of the land under the provisions of the statute.   The Code, §473.

The plaintiffs answer and contest the claim, and upon an issue submitted to the jury, they find that the petitioner is not entitled to the betterments. From the judgment rendered against the petitioner, and directing execution to issue for the recovery of possession, the petitioner appeals to this Court.

The facts connected with the trial as stated in the case on appeal, so far as necessary to elucidate the rulings of the Court intended to be reviewed are as follows:

The petitioner offered in evidence a deed purporting to convey the premises executed on May 26th, 1855, by Jno. H. Hampton to Willoughby D. Ferrebee, and a deed for the same land, executed on July 16th, 1870, by the latter and his wife Alice, to the petitioner, both of which had been duly proved and registered. The petitioner, examined on his own behalf, testified, that in the year 1866, the date of the deed of Ferrebee to him, he went into possession of the land set forth in his petition,—being the same described in the conveyance from Ferrebee to him—under said deed which was believed by him to be good, and without any actual notice or knowledge whatever of any defect in his title or that of his grantor. That under said deed and title, believed by him to be good and without defect, he made lasting and permanent improvements on said land. That the land was woodland, none of it being cleared. That he cleared all or most of it, fenced, ditched and put it in a fair state of cultivation. That he built thereon a dwelling house, barn, stables and other necessary out-houses. That the enhanced value of the land by reason of the permanent improvements placed thereon is two thousand two hundred and fifty dollars.

That the land at the time he went into possession of it was worth two hundred dollars. That the value now, including all improvements, is two thousand five hundred dollars. That the value of the land now without the buildings placed thereon by defendant, is about sixteen to eighteen hundred dollars. That a fair annual rental of the land since the year 1879 including improvements is one hundred dollars—a fair annual rental of:

the land in the condition when defendant entered on the land was about twenty-five dollars.

W. T. Cabo testifies to the same thing in substance.

It was admitted that Mary B. Justice owned said land and that, while an infant, she married Alexander Justice on the 19th day of March, 1846, and that she became of age on the 26th day of May, 1848, and died on the 30th of July, 1862, and that Alexander Justice died on the 9th day of June, 1879, and that the plaintiffs are the children and heirs at law of said Mary B. Justice by said Alexander Justice. That Mary B. Justice and Alexander Justice her husband executed a bond for title to this land on the ...... day of June, 1847, to one Nichols from whom the defendant Baxter, through several mesne conveyances, derived title, the conditions of which bond was that Mary B. Justice and her husband Alexander Justice would make a deed for the said land to the said Nichols when the said Mary B. Justice became of age. That the said deed was never made. The Court instructed the jury that the defendant Baxter was not entitled to betterments and could not recover anything, notwithstanding he may have had no actual notice of any defect in his title, and, under a title believed by him to be good, made permanent improvements on the land.

The instruction given and guiding the jury to their verdict, that the petitioner was entitled to no compensation for improvements *bona fide* made and in the belief that he was the owner of the estate, seems to have proceeded, and such was the course of the argument in behalf of the appellees, upon the ground of a constructive notice of his defective title, in that in tracing it back, he would have made the discovery that the estate was in a former *feme covert* owner, and had never been divested by any valid conveyance or contract on her part to convey. In support of this view, counsel rely on *Thompson* v. *Blair*, 3 Murph., 583, cited in *Holmes* v. *Holmes*, 86 N. C., 205, with approval, wherein the Chief Justice declares it to be a well established rule that " where a purchaser, in the necessary deduction of his title must

use a deed which leads to a fact showing an equitable title in another, he will be affected with notice of that fact." It is not shown that the contract to sell the lands to Nichols signed by Justice and wife, admitted to be in operation as to the latter, was ever put on the registry, so that a search would have led to its discovery, and no constructive notice can be imputed to the petitioner from registration. Its existence and the failure to execute it by deed, as he testifies, were alike unknown to him when he made the large expenditure upon the property. To apply the artificial rule in equity laid down by the Court, to a case like the present, would be, in our opinion, to emasculate the statute of all its virtue and render it meaningless. For he who improves land must see to it, in order to reap its benefits, that his title is not defective; he would not need its aid, and if he cannot be compensated for his outlay, if it is defective, it would be wholly useless and unnecessary. It is in just such contingencies, when the ameliorating work has been done *bona fide* and under the honest belief of having title, that the statute interposes and says to the true owner, you are entitled to your land, but it is inequitable for you with it to take the enhanced value of the expenditure and labor of another honestly put upon it. The statute is clear and positive in its terms: "If the jury shall be satisfied that the defendant, or those under whom he claims, made on the premises at a time when there was reason to believe the title good under which he or they were holding the said premises, permanent and valuable improvements, they shall estimate, in his favor, the value of such improvements, as were made *before notice*, in writing, of the title which the plaintiff claims, not exceeding the amount actually expended in making them, and not exceeding the amount to which the value of the premises is actually increased thereby at the time of the assessment." The Code, §476. The beneficent provisions of the statute would be defeated by a construction which charges the *bona fide* claimant under a deed in form and purpose purporting to convey a perfect title with a knowledge of imperfections which might be met with in the de-

duction of his own title. It was not so extended, and if the petitioner's case, as he presents it, is not embraced in its terms, it is a useless encumbrance upon the statute book.

The case of *Merritt* v. *Scott*, 81 N. C., 385, so far from militating against this view of the meaning and object of the act, sustains it. It is there held that a life tenant who, cognizant of his limited estate, puts improvements upon the land, does so for his own advantage, and has no claim for reimbursement from the enhanced value against the tenant in remainder, to whom the property comes after the expiration of the preceding particular estate. " But the owner of land," as the Court in the opinion remarks, " has no just claim to anything but the *land itself*, and a *fair compensation* for being kept out of possession; and if it has been enhanced in value by improvements made under the *belief that he was the owner, the increased value he ought not to take without some compensation to the other. This obvious equity is established by the act.*"

It is not necessary to proceed further, since most clearly, upon the petitioner's statements, he was entitled to compensation under the provisions of the act, and the Court erred in ruling that he was not. The judgment is reversed, and it is ordered that a *venire facias* issue, to which end this will be certified to the Court below.

Error.                                                        Reversed.