### EDWARD FAISON et al. v. THOMAS KELLY.

(Filed 2 December, 1908).

**1. Wills—Estates—Tenant for Life—Deeds and Conveyances— Betterments, Recovered When.**

A claim for betterments may be set up by way of answer and recovered by the defendant, a grantee for value of a tenant for life in a deed conveying the fee, in an action to recover possession by the remainderman, when it appears that the life tenant, now deceased, held under a devise in a will under such terms or expression as to leave it uncertain whether the devise was of a life estate or the fee, and when the defendant made the improvements at a time he believed, and had good reason to believe, that he was the true owner.

**2. Same—Evidence—Questions for Jury.**

When there is evidence that defendant had been in possession of lands, asserting absolute ownership for more than thirty years, under a deed conveying to him a title in fee, executed by a devisee thereof and by a trustee named in the will, and had put permanent improvements thereon; that the land had been bought and paid for by defendant, and the deed taken under advice of counsel learned in the law, that the deed conveyed the true title; that the lower Court construed the will to convey the fee, but was overruled by the Supreme Court, holding, that only a life estate was devised, and that the remainderman was entitled to the possession as the owner of the fee. *Held*, the evidence is relevant to the inquiry, and the claim for betterments should be submitted to the jury. (*Merritt v. Scott*, 81 N. C., 385, cited and distinguished).

ACTION to recover land, tried before *W. R. Allen, J.,* and a jury, December Special Term, 1907, of SAMPSON.

Plaintiffs, as children and issue of Edward L. Faison, deceased, claimed the land in controversy, under and by virtue of the will of Wm. Faison, in terms as follows:

"Eighthly: I give, devise and bequeath unto my son, Matthew J. Faison and his heirs, in trust, for the use and benefit of my son, Edward L. Faison, during his life, after the determination of my wife's estate in the lands devised to her, the land whereon I reside, my chestnut lands on the

west side of Six Runs, my Meares, Fortner, Davis, Herring and Brewington lands in Rowan, my stock thereon, and after the death of my said son, Edward, to his issue forever, and in case of his death, without leaving issue, I give, devise and bequeath the lands devised in trust to him unto his surviving brothers and their heirs; and in case of their death before him and leaving children, to such issues and their heirs." And it was admitted that the land in controversy was included in the description.

Defendant denied plaintiffs' ownership, and claimed the lands under deeds conveying same to him in fee executed by said Edward L. Faison and wife and Matthew J. Faison, now dead, the trustee mentioned in the will. And defendant alleging the validity of the deeds under which he claimed the land, alleged, further, that, while in possession of said land claiming to own the same under these deeds, assuming to have title, he had made permanent and valuable improvements thereon to the amount of $1,500, etc.

On issues submitted the jury rendered the following verdict:

"First. Are the plaintiffs the owners of and entitled to the immediate possession of the land in controversy? Answer: 'Yes.'

"Second. What is the annual rental value of the land in question? Answer: '$100.'

"Third. Did the defendant take the deed set out in the pleadings in good faith, believing thereby he was acquiring a fee simple title to the land in controversy? Answer: 'Yes'.

"Fourth. If so, did he make permanent improvements thereon in good faith and under such belief? Answer: 'Yes.'

"Fifth. If so, what is the value of the improvements? Answer: '$1,000.00.'"

Thereupon judgment was rendered that plaintiffs owned the land sued for, and were entitled to recover possession of same on payment into Court, for defendant's benefit, of the

sum of $725.00, the difference between the rental due and the value of the improvements as assessed by the jury. Plaintiffs excepted and appealed.

*Geo. E. Butler* for plaintiff.
*Faison & Wright, Fowler & Crumpler* and *J. D. Kerr* for defendant.

HOKE, J., after stating the case: In *Faison v. Odom,* 144 N. C., 107, the Court, construing the clause of the will here in question, held that the same conferred only a life estate on the grantor of defendants, the Edward L. Faison mentioned in the will, and that, on his death, the plaintiffs, his children, could recover the land. In accordance with this ruling, the plaintiffs recovered the land, and the question presented in this appeal is in reference to defendant's claim to betterments. Speaking to this question, in a recent decision, *Alston v. Connell,* 145 N. C., 4, the Court said:

"This doctrine of betterments, and the principle upon which it was originally made to rest, is very well stated by *Ashe, J.,* in the case of *Wharton v. Moore,* 84 N. C., 482, as follows: 'This right to betterments is a doctrine that has gradually grown up in the practice of the courts of equity, and while it has been adopted in many of the States, it is not recognized in others. But it may now be considered as an established principle of equity that whenever a plaintiff seeks the aid of a court of equity to enforce his title against an innocent person who has made improvements on land without notice of a superior title, believing himself to be the absolute owner, aid will be given him only upon terms that he shall make due compensation to such innocent person to the extent of the enhanced value of the premises by reason of the meliorations or improvements, upon the principle that he who seeks equity must do equity.' Here it will be noted that the claimant must be an innocent person, and in any correct statement of the principle will be found this or some

equivalent requirement indicating that the occupant made the expenditures in good faith—that is, that he believed, and had reasonable ground to believe, at the time they were made, that he was the true owner."

Under this statement of the doctrine, it will be noticed that, in order to make his claim good, it is incumbent on defendant to show that the improvements were made in good faith, at a time when he believed, and had good reason to believe, that he was the true owner. And we are of opinion that, on the testimony, every essential of this requirement has been met; for, while the Court of last resort has held that the clause of the will in question gave to defendant's grantor, E. L. Faison, only a life estate, this construction overruled the decision of the lower Court, which had taken a contrary view of its meaning, showing that the matter was not free from difficulty. And it furthermore appeared that the defendant had been in possession of the land, asserting absolute ownership, for more than thirty years, under a deed conveying to him a title in fee executed by Edward L. Faison and wife and Matthew J. Faison, the trustee named in the will, and that the land had been bought and paid for by defendant, and these deeds taken under advice of counsel learned in the law, that the execution of the deeds by Edward L. Faison and the trustee, would convey the true title. The testimony offered by defendant tending to establish these facts was directly relevant to the issue, and, under the circumstances indicated, we are of opinion that, under our decisions, the Court, as stated, correctly ruled that the defendant's claim for betterments should be submitted to the jury. *R. R. v. McCaskill,* 98 N. C., 526; *Justice v. Baxter,* 93 N. C., 405.

We do not understand that the decision of *Merritt v. Scott,* 81 N. C., 385, cited and relied on by plaintiffs, is contrary to the disposition we make of the present appeal. In that case, as we interpret it, John Merritt, who had a life estate in the land in controversy, and who was in possession, claim-

ing to own such interest, conveyed this life estate to one John Cox, and on the death of John Cox, his administrators, under Court proceedings, sold the land and conveyed same to defendant in fee. On action brought by the remainder-men, the defendant sought to set up a claim for betterments, by reason of improvements made by the life tenant when he was in possession claiming the land as life tenant, and also for improvements by himself after he purchased and obtained a deed for the land, and the Court, in disallowing the claim for improvements made by the life tenant, said:

"We think it clear that improvements of any kind put upon land by a life tenant during his occupancy, constitute no charge upon the land when it passes to the remainderman. He is entitled to the property in its improved state, without deduction for its increased value by reason of good manage-ment, or the erection of buildings by the life tenant, for the obvious reason that the latter is improving his own property and for his own present benefit. This proposition is too plain to need the citation of authority."

The defendant seems to have recovered for improvements made by him after he bought the land and entered, claim-ing to own the same in fee, having a deed purporting to con-vey such a title, and in that view the decision is authority favoring defendant's position.

The objection further made, that defendant's claim could not be asserted on this trial, is without merit. By fair intendment, the claim was made in the answer, and the disposition of the matter at the same time the question of title was disposed of, is directly sanctioned by the statute. Revisal, section 652, under the title of "Betterments," con-tains the provision: "That in any such action, such enquiry and assessment may be made upon the trial of the cause."

There is no error, and the judgment below is affirmed.

No error.