### J. A. PRITCHARD ET ALS. v. D. E. WILLIAMS.

(Filed 25 September, 1918.)

1. **Betterments—Statutes— Color of Title— Good Faith— Reasonableness— Issues—Title—Evidence—Questions for Jury—Trials.**

   Under our statute (Revisal, sec. 652), one making permanent improvements on lands he holds under color of title, reasonably believed by him, in good faith, to be good, though with knowledge of an adverse claim, is entitled to recover betterments in an action by the true owner to recover the lands; answers to the issues as to the title alone being insufficient, the *bona fides* of the belief and its reasonableness being for the determination of the jury upon the entire evidence. The appropriate issues are suggested by the court.

2. **Betterments—Statutes—Use and Occupation—Limitation of Actions.**

   Where one in possession of lands is entitled to recover, against the true owner, for betterments he has placed thereon, he will be charged with the use and occupation of the land, without regard to the three-year statute of limitation. Revisal, sec. 653.

PETITION for betterments, heard and determined before *Bond, J.,* at July Term, 1918, of CAMDEN.

From a judgment dismissing the petition defendant appealed.

*D. H. Tillitt and Meekins & McMullan for plaintiffs.*

*Aydlett, Simpson & Sawyer, R. C. Dozier, and Ehringhaus & Small for defendant.*

BROWN, J. This cause was before us at last term (175 N. C., 320), where the facts are fully stated in the opinion by *Mr. Justice Allen.* When tried upon the issues raised by the complaint and answer, these facts were found:

1. Did Joseph G. Hughes hold the property sued for in trust to convey the same, as alleged in the complaint? Yes.

2. Did the defendant, or any of those under whom he claims, purchase the 160-acre tract for value and without notice of said trust? No.

3. Did the defendant, or any of those under whom he claims, purchase the 80-acre tract for value and without notice of said trust? Yes.

The plaintiffs contend and the court adjudged that the findings of the jury bar the right of defendant to betterments.

The claim for betterments in this case is statutory, and the petition conforms literally to the statute.

The petitioner avers "That while holding the said premises under the color of title above referred to, which was verily believed by this defendant to be good, this defendant made extensive and permanent improvements upon the premises described in said deeds, to the value of $9,250, expending a large sum of money and labor, which improvements greatly enhanced and increased the value of said premises, to the extent of dollars and cents above named."

The issues that should be submitted to a jury under the betterment statute (Revisal, 652) are much broader and more comprehensive than those raised by the pleadings and determined by the jury in this case.

In order to convert the defendant into a trustee, it was sufficient to fix him with either actual or constructive notice of the trust. But where the defendant has entered in good faith, and "while holding the premises under a color of title believed by him to be good," makes permanent improvements, the statute requires that something more than a notice of a trust or adverse claim shall be established before he will be deprived of permanent improvements made in good faith. To do entire justice, however, the statute requires that for the purpose solely of offsetting such improvement, the petitioner for betterments shall be charged with the use and occupation of the land, without regard to the three-year limitation. Section 653.

It is the holder in bad faith that is deprived of his improvements, and not one who holds in good faith under a title believed by him to be good. But there must be shown not only an honest and *bona fide* belief in petitioner's title, but he must satisfy the jury, also, that he had good reason for such belief; and it is for the jury to judge of the reasonableness of such belief, based upon the entire evidence. *R. R. v. McCaskill,* 98 N. C., 527; *Baxter v. Justice,* 93 N. C., 406; *Merritt v. Scott,* 81 N. C., 385.

The right to betterments is based upon the obvious principle of justice that the owner of land has no just claim to anything except the land itself, and fair compensation for damage and loss of rent. If the claimant, acting under an erroneous but honest and reasonable belief that he is the owner, makes valuable and permanent improvements, the true

owner should not take them without compensation. The statute undertakes to declare and establish the equities between them.

In discussing this question, it is said in R. C. L. Improvements, section 2, that "The good faith which will entitle to compensation for improvements has been defined to mean simply an honest belief of the occupant in his right or title, and the fact that diligence might have shown him that he had no title does not necessarily negative good faith in his occupancy."

There are many cases where it has been held that although aware of an adverse claim, the possessor may have reasonable and strong grounds to believe such claim to be destitute of any just or legal foundation, and so be a possessor in good faith, and as such entitled to compensation for improvements. The principle here declared has been recognized and applied by this Court in *Alston v. Connell,* 145 N. C., 6, and *Faison v. Kelly,* 149 N. C., 282, as well as by the Courts of other States. *Tumbleston v. Rumple,* 43 S. C., 275; *Templeton v. Lowry,* 22 S. C., 389; *Parrish v. Jackson,* 69 Tex., 614; *Gaither v. Hamrick,* 69 Tex., 92; *Elam v. Parkhill,* 60 Tex., 581; *Hutchins v. Bacon,* 46 Tex., 408; *Dorn v. Dunham,* 24 Tex., 366; *Hairston v. Sneed,* 15 Tex., 307; *Sartain v. Hamilton,* 12 Tex., 219 (62 Anno. Dec., 524); *Griswold v. Brugy,* 6 Fed., 342; *Cahill v. Benson,* 19 Tex. Civ. App., 40; *Whitney v. Richardson,* 31 Vt., 300.

We are of opinion that the Court erred in holding that upon the issues heretofore found the defendant is barred from asserting his claim to betterments under the statute.

The judgment is set aside and the cause remanded, with instructions to submit proper issues to the jury.

Reversed.

### ADDENDA.

We suggest the following as proper issues arising generally on a petition for betterments:

1. Did the petitioner make permanent improvements upon the land under a title believed by him to be good?

2. If so, did petitioner have reasonable grounds to believe that he had a good title to the land when he made such improvements?

3. What is the value of such permanent improvements?

4. What sum as rents for the land shall petitioner be charged with as a set-off against such improvements?