C. P. HARRIETT ET AL. v. M. N. HARRIETT ET AL.

(Filed 16 March, 1921.)

**1. Betterments—Estates—Tenants for Life—Deeds and Conveyances.**

One holding under a tenant for life, making substantial and permanent improvements on the lands, under facts and circumstances affording him a well grounded and reasonable belief that he had by his deed acquired the fee, is entitled to recover for the betterments he has thus made.

**2. Same—Rents and Profits—Offsets—Statutes.**

When one holding under the tenant for life by deed apparently conveying the lands in fee after her death, is entitled to betterments, and he or the life tenant have received the rents and profits until that time, the remaindermen, after the death of the tenant for life are not entitled to and may not recover such rents and profits, or have them credited on the value of the betterments, the ordinary rule to the contrary being inapplicable. C. S., 700.

APPEAL by defendant from *Connor, J.,* at Spring Term, 1920, of JONES.

This was a petition originally filed for actual partition, and by consent a sale of all the property was ordered, and it was sold. Enough of the proceeds of the sale was left in the clerk's office to protect the matters involved in this appeal, which arise upon a petition by the plaintiff for betterments.

James Harriett was the father of plaintiffs and defendants, and died in 1877, leaving a widow, Mary E. Harriett, who died in 1917, and the plaintiffs and defendants are their only descendants as heirs at law and devisees.

Amos L. Simmons, who was then the owner, conveyed the lands known as the "home place" to James Harriett prior to his death in fee simple by description that included more than 100 acres, which was the quantity intended to be conveyed, and after James Harriett's death, while his children were young, Simmons executed to Mary .E. Harriett, the widow and mother of the children, a deed purporting to convey in fee simple the 100 acres known as the "home place," being 100 acres cut out of the original boundary in the deed from Simmons to James Harriett. After the deed was made to Mary E. Harriett, she occupied the land up to the bounds set out in the deed to her, and Amos L. Simmons and his descendants occupied the remainder of the land in the James Harriett deed.

James Harriett left a will, duly probated, devising the said 100 acres to his wife, Mary E., during her natural life, and then to her children. In 1904 plaintiff, under an arrangement with Mary E. Harriett, went on the land, and from 1905 to 1914, ten years, occupied the land, and he or his mother had the rents and profits thereof. In 1908 his mother made him a deed and delivered it to him under an agreement that it was not to be registered until after her death, and plaintiff kept possession of it till it was taken from his safe after he left the home place in 1914. The plaintiff and the defendants thought up to the time of Mary E. Harriett's death that she owned the land in fee simple. It is admitted, however, that she only owned a life estate, and the remainder, subject to her life estate, was in the plaintiff and defendants.

It is alleged in the petition that the plaintiff made valuable improvements upon the land, which enhanced its value, under the honest belief that he would be the owner of the land upon the death of his mother.

The jury returned the following verdict:

"1. Did plaintiff, while making improvements on land described in petition, have a well-grounded belief that he was the owner of the land in fee, subject to the life estate of his mother? Answer: 'Yes.'

"2. Was plaintiff, while making improvements on land described in the complaint, a tenant in common with defendants of said land, subject to the life estate of his mother? Answer: 'Yes.'

"3. In what sum, if any, was the value of the said land enhanced at the death of Mary Harriett in June, 1917, by such permanent improvements as were made during her life by plaintiff? Answer: '$1,780.'

"4. What was the clear annual value of the land during the time plaintiff was in possession of same, exclusive of the use of improvements made by plaintiff? Answer: '$125 per year.' "

Judgment was entered upon the verdict in favor of the plaintiff, allowing him the value of the improvements assessed by the jury without abatement on account of the rents, and the defendants excepted and appealed, assigning the following errors:

1. In refusing to direct the jury to answer the first issue "No."

2. In refusing to charge the jury, "If you believe the evidence, you should answer the first issue 'No.'"

3. In the submission of the first issue to the jury.

4. In the submission of the second issue to the jury.

5. In the submission of the third issue to the jury.

6. In not setting aside the verdict.

7. In not signing the judgment tendered that the defendants go without day.

8. In signing the judgment set out in the record.

9. In refusal to credit the $1,780 found on the third issue with the $1,250 for the ten years rental at $125 per year found under the fourth issue.

10. In not crediting on the $1,780 found on the third issue with rent at the rate of $125 per year from the beginning of the year 1905 to the date of Exhibit "A," 23 May, 1908.

11. For that the judgment as rendered did not deduct from the $1,780 found on the third issue, 7150/15875 of $1,780 being the pro rata part of the land other than the home place of the unimproved value of the whole land.

*W. D. McIver and R. A. Nunn for plaintiff.*
*Ward & Ward for defendants.*

ALLEN, J. The issues submitted to the jury are raised by the pleadings, and are substantially like those approved in *Pritchard v. Williams,* 176 N. C., 110, and as there was evidence supporting the contention of the plaintiff that he made valuable improvements on the land, believing in good faith that he would own it in fee upon the death of his mother, under a deed executed by her, the court could not direct a verdict in favor of the defendants.

The fact that there was an outstanding life estate in the plaintiff or in his mother is not a bar to the claim for betterments, since the plaintiff claimed under a deed and believed he owned the fee.

"It is the general rule that a life tenant is not entitled to compensation from the remainderman for the enhancement of the property by reason of his improvements, nor can a charge upon the lands or the inheritance be made for such improvements, it being generally held that a life tenant should not be permitted to consume the interest of the remainderman by making improvements that the remainderman cannot pay for, or that he does not desire, and also that improvements are made for the immediate benefit of the life estate, and usually without reference to the wishes of the remainderman. Mere knowledge on the part of the remainderman that improvements are being made, and passive acqui-

escence therein are not sufficient to charge him with the cost thereof. An exception has been made where the life tenant is an infant, and the income from the property is by order of the court invested in permanent improvements. Ordinarily, a third person claiming under the life tenant is entitled to no greater rights than the life tenant himself, but some courts, applying equitable principles, have allowed recovery where improvements have been made by a person who, although in fact holding under a life tenant, believed himself to be the owner of the fee." 17 R. C. L., 635.

Our Court has adopted the view allowing betterments to one holding under a life tenant when made under the honest, well-grounded belief that he owns the fee. *Pritchard v. Williams, supra,* and the same case at this term.

The cases upon the right of a life tenant to compensation for improvements are collected in the note to *Porter v. Osmun,* 3 Anno. Cases, 689.

This disposes of the first, second, third, fourth, and 5th assignments of error, the sixth, seventh, and eighth are formal, and the ninth, tenth, and eleventh present the question of the right of defendants to set off against the improvements the rents and profits of the land during the occupancy by the plaintiff.

The usual rule is undoubtedly that one claiming betterments is chargeable with the rents, even beyond the three years, as an offset against a recovery for the improvements (Con. Stat., sec. 700; *Whitfield v. Boyd,* 158 N. C., 453), but this is because generally the owner of the land at the time of its recovery also owns the rents, and the law gives to each what belongs to him. It awards to the owner the land and his rents, and to the occupant the value of his improvements, but in this case the owners were not entitled to the rents during the occupancy by the plaintiff, because of the life estate in his mother or in the son, one of whom was the owner of the rents, and consequently there can be no abatement of the recovery for the improvements in favor of the defendants on account of the rents, to which they have no claim or right.

It is upon this principle that the rights of the parties were adjusted in *Pritchard v. Williams,* which is also reported in 175 N. C., 319, and 178 N. C., 444.

No error.