N. H. HARRISON, JR., v. MRS. GERTRUDE A. DARDEN AND HUSBAND,
P. H. DARDEN,
and
N. H. HARRISON, JR., v. MRS. NEVA C. DARDEN AND HUSBAND,
S. F. DARDEN.

(Filed 22 September, 1943.)

**1. Reference § 4a: Appeal and Error § 37e—**

On a consent reference the findings of fact by the referee, approved by the judge, are conclusive on appeal if there is competent evidence to support the findings.

**2. Appeal and Error § 37e—**

Upon failure to bring up the evidence on appeal, there is a presumption that the findings of a referee are supported by the evidence.

**3. Betterments § 3—**

A deed executed to defendant, pursuant to judgment in a suit to foreclose a tax certificate to which plaintiff and defendant were both parties, constitutes color of title in a subsequent action between the same parties involving betterments.

**4. Betterments §§ 3, 4—**

In order to entitle a defendant to compensation for the enhanced value of land due to permanent improvements placed thereon by him, it must appear that he held the land in good faith, under color of title believed by him to be good, and that he had reasonable ground for such belief.

**5. Betterments § 7—**

Under C. S., 700, in an action involving betterments, rents and rental values of the lands, which were obtained by defendants solely by reason of the improvements put on the lands by themselves, cannot be used to offset compensation to defendants for these improvements.

**6. Same: Registration § 3—**

There is nothing in ch. 47, C. S., known as the Torrens Law, which prevents the courts from proceeding to determine the value of improve-

ments claimed by defendants, who have been evicted under plaintiff's superior title, in accordance with the terms of an unassailed judgment to which plaintiff was a party and ascertained by a consent reference.

APPEAL by plaintiff from *Dixon, Special Judge,* WASHINGTON Superior Court. Decided 20 May, 1943. Affirmed.

The two cases entitled as above were consolidated for trial. These actions were instituted to recover the possession of certain lands, some 500 acres in area, alleged to have been wrongfully withheld by the defendants, Gertrude A. Darden and her husband, P. H. Darden, as to one portion, and by the defendants, Neva C. Darden and her husband, S. F. Darden, as to the other.

These actions resulted in judgment for the plaintiff as against all the defendants at January Term, 1941. In the judgment it was recited: "The court finds that the defendants, Gertrude A. Darden and Neva C. Darden, while holding the premises under color of title believed by them to be good, have made improvements on the lands, and that the parties have heretofore stipulated that the question of betterments, improvements, rents and damages should be passed upon at a subsequent term." No exception was taken to the judgment, or to this recital. Subsequently at October Term, 1941, a consent reference was agreed to, and the order made by Judge Carr recited that the plaintiff and defendants consented "that the cause should be referred to make findings of fact as to betterments, damages, rents, issues and profits, pursuant to the provisions of sections 699 to 703, inclusive, of the Consolidated Statutes, and upon findings of fact so made to make conclusions of law."

The matter was referred to Malcolm Paul as referee, who heard the evidence and by consent made personal inspection of the premises. He reported to the court his findings of fact and conclusions of law that the enhanced value of the land by reason of improvements put thereon by Gertrude A. Darden, including taxes paid, was $2,168.12, and that she was chargeable for rents, wood and timber cut and removed $1,256.00, leaving balance due her of $812.12; that the value of the improvements made upon the land by defendant Neva C. Darden, including taxes paid, was $1,337.50, subject to the charge of $30.00 for rent and timber cut, leaving balance due her of $1,307.50.

Exceptions to the referee's report were filed by the plaintiff. The court, after considering and reviewing the evidence and the referee's report, found that the facts were the same as those found by the referee and set out in his report, and in all respects approved and confirmed his conclusions of law. Judgments were rendered accordingly decreeing that the value of the improvements so established should constitute liens on plaintiff's lands.

Plaintiff excepted to the judgment and appealed.

*Z. V. Norman and J. D. Paul for plaintiff.*
*Carl L. Bailey for defendants.*

DEVIN, J.   The judgments appealed from were based upon the findings of fact made by the referee, concurred in and approved by the trial judge.   The reference having been by consent, it is the established rule in this jurisdiction that the findings of the referee approved by the judge are conclusive upon appeal if there was competent evidence to support the findings.   *Wallace v. Benner,* 200 N. C., 124, 156 S. E., 795; *Usry v. Suit,* 91 N. C., 406.   Appellant has not brought up the evidence heard by the referee, nor has he pointed out any material fact not supported by evidence.   However, the plaintiff assigns error in the rulings below as to several matters of law to which he has noted exception.

The plaintiff excepts to the opinion expressed in the referee's report that the recital in the original judgment that the defendants "while holding the premises under color of title believed to be good made improvements on the lands," should be regarded as a determination by the court of the fact of the belief of the defendants in the validity of their title.   However, the failure of the plaintiff to except to this statement in the judgment and his joining in the stipulation in the same connection that the question of improvements, rents and damages should be passed on at a subsequent term, together with his waiver of the filing of petition for betterments by the defendants, would seem to lend support to the expression of the view complained of.   In this connection the referee added the specific finding that at the time of making the improvements on the land the defendants had reasonable grounds to believe their title to be good.   Furthermore, it appears that the defendants entered into possession of the lands under deed executed pursuant to the judgment in a suit to foreclose a tax sale certificate, to which suit plaintiff was a party, and that defendants' possession was with the knowledge of the plaintiff and so continued for five or six years before the present suit was instituted.   The findings and conclusions on this point may not now be successfully challenged by the plaintiff.   It is well settled that in order to entitle a defendant to compensation for the enhanced value of land due to permanent improvements placed thereon by him, it must appear that he held the land in good faith under a colorable title believed by him to be good, and that he had reasonable ground for such belief.   *Rogers v. Timberlake, ante,* 59; *Barrett v. Williams,* 220 N. C., 32, 16 S. E. (2d), 405; *Pritchard v. Williams,* 176 N. C., 108, 96 S. E., 733.

Plaintiff excepts to the failure of the referee to note in his findings as to the condition of the land a distinction between standing and down trees.   It is contended this would have afforded a more accurate method

of determining the condition and value of the land, but we do not regard this exception as of sufficient moment to require additional findings of fact.

Plaintiff assigns error in the ruling of the court below in approving the findings and conclusions of the referee as to the rental value of the lands. The referee and also the court took the view that the rents and rental values of the lands which were obtained by·the defendants solely by reason of the improvements put on the lands by themselves could not be used to offset compensation for these improvements. This seems to be the rule prescribed by the statute, C. S., 700, which excludes "the use of the improvements thereon" from estimates against the defendants of the clear annual value of the premises during the time of possession. As the lands at the time of defendants' entry were covered by woods and swamps, some of which had been burned over, and were uncultivated, the referee's conclusion that plaintiff was only entitled to set-off against the value of improvements a nominal rental value was properly approved by the court. According to the finding the land had no substantial rental value at the time of defendants' entry.

Plaintiff's exception to the court's approval of the referee's finding as to the value of standing timber removed by and chargeable to the defendants cannot be sustained in the absence of showing that these findings were not supported by the evidence. As the evidence heard by the referee was not sent up, we must presume there was evidence to support the findings on these matters. *Caldwell v. Robinson,* 179 N. C., 518, 103 S. E., 75.

The plaintiff complains that the referee failed to find that the value of the rent and the waste committed by defendants exceeded the enhancement in value of the land caused by improvements put on the land by the defendants. But in the absence of any evidence in the record as to the character, amount and value of these items, we are unable to help him. The suggestion that the original fertility of the soil may have been dissipated and wasted by the defendants is not sufficient to justify the conclusion that the plaintiff has been materially prejudiced by the action of the referee and the court in this respect.

The argument is also made by the plaintiff that since his title had been registered under ch. 47, C. S., known as the Torrens Law, claim for betterments in this action could not be enforced. True, this statute provides a particular method for the registration of transfers, liens and claims against land which has been brought under. its provisions. But except as otherwise specially provided in the act, registered land is subject to the jurisdiction of the courts in the same manner as if not so registered. C. S., 2379. We find nothing in these statutes that would prevent the court from proceeding to determine the value

of improvements claimed by defendants, who have been evicted under plaintiff's superior title, in accordance with the terms of an unassailed judgment to which plaintiff was a party, and ascertained by a reference to which he has formally consented.

The judgments of the court below were ordered recorded by the register of deeds on the registry of plaintiff's certificate for the land. C. S., 2413.

An examination of the entire record leads to the conclusion that the facts have been established in the manner selected by the parties, and that the judgments based thereon must be

Affirmed.