BOARD OF COMMISSIONERS OF ROXBORO v. MAGGIE BUMPASS, ELSIE BUMPASS DOGGETT AND HUSBAND, J. W. DOGGETT, HUBERT LUNSFORD, DEFENDANTS, AND THE FOLLOWING INTERPLEADERS: ROXBORO BUILDING & LOAN ASSOCIATION, T. F. DAVIS, TRUSTEE, JOHN D. CLAY AND WIFE, GERTRUDE M. CLAY, AUSTIN B. CLAY, MRS. AUSTIN B. CLAY AND DEE A. CLAY.

(Filed 30 January, 1953.)

**1. Betterments § 6: Pleadings § 19b—**

Since the statute requires that petition for betterments be filed in the action in which judgment for the land has been rendered, the filing of such petition by several claimants cannot result in a misjoinder of parties and causes, although the better practice would be for each claimant to file his claim separately. G.S. 1, Art. 30.

**2. Betterments § 1—**

The right to betterments is based upon the equitable principle that a person in possession who has made valuable improvements under the *bona fide* belief that he is the owner of the land should not be required to surrender possession to the true owner without compensation for such betterments to the extent that they permanently enhance the value of the land, and therefore claim for betterments cannot accrue until the owner seeks and obtains the aid of the court to enforce his right of possession.

**3. Same—**

The remaindermen had a tax foreclosure set aside to the extent that the tax deed purported to convey the remainder, but the conveyance of the life

estate by the tax foreclosure was not affected. *Held:* Persons in possession under the tax foreclosure are not entitled to file claim for betterments against the remainderman until the falling in of the life estate and the assertion of the right to immediate possession by the remainderman.

APPEAL by interveners from *Sharp, Special Judge,* October Special Term, 1952, PERSON. Affirmed.

Civil action to foreclose tax lien, heard on demurrer to petition of interveners for betterments.

On and prior to 29 September 1942, title to the *locus* was vested in defendant Elsie Bumpass Doggett, subject to an estate for life therein owned by defendant Maggie Bumpass. On said date plaintiff instituted this action to foreclose its lien for past-due taxes as authorized by law. The land was sold to R. P. Burns and the sale was confirmed 25 January 1943. Burns assigned his bid to the defendant Lunsford, and the commissioners executed a foreclosure deed to said assignee which is of record in the Person County Registry.

On 27 April 1946, Lunsford conveyed the land to the interpleader Dee A. Clay, and on 17 May 1948, he conveyed a part thereof to intervener John D. Clay. Each built valuable improvements on the respective shares owned by them, partly out of funds borrowed from the intervener Roxboro Building & Loan Association.

On 7 April 1949, defendants Elsie Bumpass Doggett and husband appeared and moved to vacate the order of sale, the decree of confirmation, and the foreclosure deed in so far as they affect or attempt to convey her remainder interest in said land. The motion as to the husband was allowed but was denied as to Elsie Bumpass Doggett. On her appeal to this Court (233 N.C. 190, 63 S.E. 2d 144), the judgment was reversed, and at the April Term, 1951, judgment was entered in accord with the opinion of this Court, decreeing that said foreclosure proceeding and the deed executed pursuant thereto are in all respects void in so far as they attempt to convey the remainder interest of Elsie Bumpass Doggett in the *locus.*

Thereafter, the interpleaders filed a joint petition for betterments under the provisions of G.S. Ch. 1, Art. 30. The defendant Elsie Bumpass Doggett appeared and demurred to the petition for that it fails to state a cause of action for betterments and on other grounds stated in the written demurrer filed, including the following:

"4. That the petition for betterments does not state facts sufficient to constitute a cause of action against the defendant, Elsie Bumpass Doggett, in that it does not appear that the interests of John D. Clay and Dee A. Clay have terminated by reason of the death of Maggie Bumpass, whereas it does appear upon the face of said petition that the petitioners

John D. Clay and Dee A. Clay are still in possession of the premises therein described holding under the life estate of Maggie Bumpass."

In respect to the questions involved on this appeal Elsie Bumpass Doggett is the real defendant and Dee A. Clay and John D. Clay are the primary petitioners. Therefore, for convenience of discussion, she will hereafter be referred to as the defendant and they, as the interveners.

The demurrer was sustained and petitioners appealed.

*R. B. Dawes, Beam & Beam, and Davis & Davis for interpleaders and petitioners.*

*Robert I. Lipton, A. A. McDonald, and Victor S. Bryant, Jr., for defendant Elsie Bumpass Doggett.*

BARNHILL, J. The interpleader John D. Clay has no interest in the claim filed by Dee A. Clay, and Dee A. Clay has no interest in the claim of his cointervener except such as may arise out of some warranty in his deed of conveyance. Even so, the demurrer for that there is a misjoinder of parties and causes cannot be sustained. This, for the simple reason the statute under which the interveners must proceed, General Statutes Ch. 1, Art. 30, requires that a claim for betterments be filed in the action in which judgment for land has been rendered. Proper pleading would require each group of interveners to file a separate and distinct claim uncomplicated by reference to the claim of the other. That may still be done—if this is the proper case in which to present the claims.

But the fourth cause for demurrer quoted in the statement of facts presents a more serious question, to wit: Have the claims of the interveners accrued so as to be presently the subject of litigation in this action? To find the answer requires an examination of the law permitting an occupant of land to claim compensation for improvements placed thereon.

Under the ancient common law anyone who put improvements on real property did so at his own peril. The rule of the civil law was more liberal and permitted one who had made permanent improvements on land in his possession under the *bona fide* belief that he was the owner of it to exact of the true owner compensation for the improvements—to the extent they enhanced the value of the land—less reasonable rents and profits, before surrendering possession to the holder of the superior title. 27 A.J. 262. See also 42 C.J.S. 421 *et seq.*

In the development of the law of equity the chancellors followed and extended the civil law rule so that, generally speaking, one who establishes a superior title to land is not permitted to recover possession thereof until and unless he pays the occupant his claim, properly and promptly presented, for just compensation for improvements of a permanent nature placed thereon when obvious equity and principles of fair

play demand it, on the conception that no man should be unjustly enriched at the expense of another who has acted in good faith. *Pritchard v. Williams,* 176 N.C. 108; *Wharton v. Moore,* 84 N.C. 479; 27 A.J. 262; 42 C.J.S. 421 *et seq.*

While this principle has been invoked under varying circumstances, it is ordinarily, if not exclusively, applied in cases where the occupant is in possession under the *bona fide* belief that he is the owner. *Faison v. Kelly,* 149 N.C. 282.

In this State this phase of the law controlling the right of the occupant, holding under color of title believed to be good, to claim compensation for improvements of a permanent nature before surrendering possession to the holder of a superior title was reduced to statutory form in 1871. Ch. 147, Laws of 1871-72. This statute as amended, is now General Statutes, Ch. 1, Art. 30. It controls decision here.

"A defendant against whom a judgment is rendered for land may, at any time before execution, present a petition to the court rendering the judgment, stating that he, or those under whom he claims, while holding the premises under a color of title believed to be good, have made permanent improvements thereon, and praying that he may be allowed for the improvements, over and above the value of the use and occupation of the land. The court may, if satisfied of the probable truth of the allegation, suspend the execution of the judgment and impanel a jury to assess the damages of the plaintiff and the allowance to the defendant for the improvements. In any such action this inquiry and assessment may be made upon the trial of the cause."

This statute creates no independent cause of action. *Rumbough v. Young,* 119 N.C. 567; *Wood v. Tinsley,* 138 N.C. 507. It merely declares that: "The owner of land who recovers it has no just claim to anything but the land itself and a fair compensation for being kept out of possession; and if it has been enhanced in value by improvements made under the belief that he was the owner, the *increased* value he ought not to take without some compensation to the other." *Merritt v. Scott,* 81 N.C. 385; *Wharton v. Moore, supra; Wood v. Tinsley, supra; Pritchard v. Williams,* 181 N.C. 46, 106 S.E. 144; *Rogers v. Timberlake,* 223 N.C. 59, 25 S.E. 2d 167; *Harrison v. Darden,* 223 N.C. 364, 26 S.E. 2d 860.

"The basis upon which betterments may be claimed is the finding by the jury that the person in possession, or those under whom he claims, believed at the time of making the improvements and had reason to believe the title good under which he and they were holding the premises." *Wood v. Tinsley, supra.*

The wording of the statute clearly limits its application to possessory actions or actions in which the final judgment may be enforced by execu-

tion in the nature of a writ of possession or writ of assistance. And the right to claim compensation does not arise until the owner of a superior title asserts his right of possession and obtains a judgment which entitles him to eject the occupant—though the last sentence would seem to permit the defendant to assert his claim in his answer and have an issue directed thereto submitted to the jury on the trial of the main issue. *Faison v. Kelly, supra;* 42 C.J.S. 456.

The claim accrues when the owner seeks and obtains the aid of the court to enforce his right of possession. *Faison v. Kelly, supra; Merritt v. Scott, supra; Wharton v. Moore, supra; Justice v. Baxter,* 93 N.C. 405; *Pritchard v. Williams,* 176 N.C. 108; *Rogers v. Timberlake, supra.* The law awards to the owner the land and his rents and to the occupant the value of his improvements. *Harriett v. Harriett,* 181 N.C. 75, 106 S.E. 221.

"A claim for betterments under the statute cannot be set up on the trial to resist the plaintiff's recovery, but by petition filed under a judgment declaring the plaintiff the owner of the land." *Wood v. Tinsley, supra.* The plaintiff who establishes a superior title is entitled to judgment for the land "but no writ of ouster should issue until defendant's judgment for betterments is satisfied. *Albea v. Griffin,* 22 N.C. 9." *Bond v. Wilson,* 129 N.C. 325; *Harriett v. Harriett, supra;* 27 A.J. 282; 42 C.J.S. 470.

The sole question is : "How much was the value of the *property* permanently enhanced, estimated as of the time of the recovery of the same, by the betterments put thereon by the labor and expenditure of the *bona fide* holder of the same?" *Pritchard v. Williams,* 181 N.C. 46; G.S. 1-346; 27 A.J. 273.

Many other states have adopted statutes controlling the right to, and prescribing the procedure for asserting, a claim for betterments. In those jurisdictions where the local statute does not provide otherwise, the great preponderance of cases on the subject are in accord with our decisions. See Anno. 44 A.L.R. 479, 89 A.L.R. 635, 104 A.L.R. 577.

A consideration of the pertinent statute and our decisions thereunder leads to the conclusion that the interveners now possess no claim for betterments presently enforceable in the pending action. The defendant has not asserted a present right of possession or sought a judgment of ouster. Indeed, she is not entitled to possession. All that she has done, through her motion in the cause, is to remove a cloud from her title to the remainder interest created by the foreclosure proceeding and the deed executed pursuant thereto. *Rumbough v. Young, supra.*

The interveners are in the rightful possession of the land and are entitled to the use of the improvements they have placed thereon. Until the life estate of Maggie Bumpass they now own falls in and the owner

of the remainder becomes entitled to possession, there can be no judgment of ouster. At that time the right of possession may rest in someone other than the defendant. And furthermore, there may not then be any improvements on the land for which the true owner must pay.

It would seem to be clear, therefore, that the petition of interveners is premature and is made in the wrong action. They have no claim to assert. That claim will accrue when and if the remainderman, after the termination of the life estate, seeks to eject them from the premises. *Rumbough v. Young, supra.*

No doubt the petitioners will desire to keep the buildings they have erected on the premises in a state of good repair and insure them against damage or destruction by fire. If the parties are unable to reach a satisfactory agreement in respect thereto, the court below has the authority to enter such order as he may deem advisable for the protection of all the parties pending the termination of the outstanding life estate owned by petitioners.

The judgment entered in the court below is
Affirmed.