W. L. SHERRILL et al. v. MARY D. CONNER.

*Waste — Treble Damages — Dower — Reversioners — Discretion of the Court — The Code.*

1. In an action brought by the reversioners for waste against the tenant in dower, the jury rendered a verdict for the plaintiffs: *Held*, that they were entitled to treble damages under *The Code*, § 629, in the discretion of the Court.

2. *The Code*, § 629, says the Court *may* give judgment for treble damages and the place wasted, and this Court will not make such discretionary power obligatory.

This was a CIVIL ACTION, tried at the September Term, 1890, of the Superior Court of LINCOLN County, before *Brown, J.*

The action was brought by the plaintiffs, reversioners, against the defendant, tenant in dower.

The issues and responses of the jury were as follows:

"1. Has the defendant negligently and wrongfully wasted and damaged the lands and property described in complaint? Answer—Yes.

"2. If so, what are the plaintiffs entitled to recover? Answer—$1,300, divided as follows: T. F. Connor, $144₁₆⁸; Etta Sherrill, $144₁₆⁸; Charles E. Ramsey, $144₁₆⁸; Annie V. Ivey, $577₁₆¹⁴; Lucy Avery, $216₁₆¹²; James M. Ivey, $72₁₆⁴."

Motion by plaintiffs for judgment for treble damages, made after verdict of jury is rendered and after defendant's motion for new trial was refused.

The motion of the plaintiffs is denied, the Court being of opinion that it is a matter of discretion.

The plaintiffs except, and appeal to the Supreme Court.

Judgment is rendered in favor of plaintiffs for damages assessed by jury, and costs.

*Mr. John Devereux, Jr.,* for plaintiffs.
*Mr. W. A. Hoke,* for defendant

AVERY, J.—after stating the facts: The appeal of the plaintiffs raises but a single question for our consideration.

It is provided by statute (*The Code,* § 629) that "in all cases of waste, when judgment shall be against the defendant, the Court *may* give judgment for thrice the amount of the damages assessed by the jury, and also that the plaintiff recover the place wasted if the said damages shall not be paid on or before a day to be named in the judgment." This section is substantially the same as the law in force before the enactment of *The Code* (Revised Code, ch. 116, § 3; Revised Statute, ch. 119, § 3), except two important changes. The word "may" has been substituted for "shall" in the old statute of Gloucester, and, by a qualification added to it, the judgment for the place wasted must be conditional, and can take effect only upon the failure of the defendant to pay

the actual damages assessed before a day certain. So that it is left within the sound discretion of the Judge who tries the action to determine whether he will give treble or single damages, as well as to fix a day after which a writ of possession may issue for the place wasted, if the damage allowed shall not have been meantime actually paid. The old statute was, manifestly, amended when *The Code* was enacted, for the purpose of vesting a discretionary power in the Court in reference to the amount of the judgment, and to fixing the time for forfeiture of the place wasted, on failure to pay the amount recovered.

Counsel contended, on the argument, that this is a case in which the Court should construe the word "may" in the statute as intended by the Legislature to mean "shall." It would, very obviously, be not only judicial legislation, but a repeal of a law passed by the General Assembly in 1883, were we, by the construction insisted on, to strike out the amendment, and restore the provision of the old statute of Glouces'er as to the amount of damage for which judgment must be given. Even in England the Courts have never gone so far in the liberal construction of statutes. PARKE, B., in *Jones* v. *Harrison*, 6 Ex. Rep., 332. Where the Legislature expresses its intent in unequivocal terms, the Courts must give effect to it by interpretation, without regard to other rules of construction. *Farmers Bank* v. *Hole*, 59 N. Y., 53; *Chapin* v. *Crusen*, 31 Wis., 209; *State* v. *Eaves*, 106 N. C., 752. It was not error in the Judge below to exercise his discretion as to giving judgment for single or treble damages.

No error.