MRS. AMANDA C. SMITH v. F. L. SUITT AND WIFE, MAMIE R. SUITT, J. I. BEASLEY AND WIFE, DAISY BEASLEY, AND MINNIE SMITH.

(Filed 16 June, 1930.)

1. **Life Estates B a—Life tenant is not entitled to recover value of permanent improvements from remaindermen.**

    One who makes permanent improvements on an estate knowing at the time that she owns only a life estate therein, may not maintain her suit against the remaindermen to recover a proportionate part of the value of the improvements upon the ground that the improvements were for the benefit of their remaindermen, and the cost of such improvements are chargeable to the life tenant alone.

2. **Life Estates C a—Life tenant may have estate sold for reinvestment on equitable grounds under C. S., 1744.**

    A tenant for life in lands may not by adversary proceedings against the remaindermen compel the sale of lands for partition of the proceeds, C. S., 3255, but upon a proper showing the sale for reinvestment may be ordered in equitable proceedings under the provisions of C. S., 1744.

3. **Pleadings D a—Where plaintiff is entitled to any relief upon the complaint demurrer thereto should be overruled.**

    Where a complaint includes a statement of a good cause of action among others that are not good a demurrer thereto is properly overruled.

BROGDEN, J., not sitting.

APPEAL by defendants from *Harris, J.,* at January Term, 1930, of DURHAM. Affirmed.

The plaintiff owns a life estate, a dower interest duly allotted to her in certain lands of her husband, John W. Smith, in the city of Durham, N. C.: (1) 408 East Main Street, and the defendants, the remainder. When her dower was laid off she was allotted the "Home Place." On the homestead was an old dwelling-house. The plaintiff alleges that this was "in very bad condition, and in order to make the house habitable and rentable the plaintiff, at various times has had to make permanent improvements on the property, and has spent, in making said permanent improvements, at least the sum of $9,566.47, and in all probability a larger amount; that this sum does not include necessary expenses for repairs and upkeep on the property, but is for permanent improvements, and as such added to the value of the property and benefited the defendants at least the amount expended. (2) No. 414 and 416 West Main Street was allotted to her and is valuable as rental property—necessary permanent improvements had to be made at a cost of $3,511.84. (3) The property known as No. 211 East Main Street was alloted to her, and during said period she has received, after paying insurance, repairs, and taxes, a net income of $9,886.61.

It is further alleged that "after said improvements were made, and prior to the institution of this action, the plaintiff notified the defendants of the amounts that she had spent by way of permanent improvements on the property and requested the defendants to pay their part of said improvements. That the defendants have refused and still refuse to pay for any portion of said permanent improvements necessary to be made on either of the said pieces of property."

"That on all of said property for said period the plaintiff has received a total income of $28,386.00 and has expended $27,570.85, or, in other words, after owning the property for approximately five years, she has paid out by way of improvements, taxes and repairs the entire income except $815.15, or a net annual return of approximately $163.05 on property conservatively worth $175,000."

The prayer of plaintiff is as follows:

"(1) For the recovery from the defendants of the sum of $13,078.31, with interest thereon from 1 April, 1929, or for such proportionate part of said sum as she will be entitled, under the law, to receive.

(2) That an order be made authorizing and directing the sale of the three parcels of land described in paragraph 3 of this complaint, and in order that said decree might be made effective, that a commissioner be appointed by the court to make said sale and report his proceedings.

(3) That the court order the net proceeds derived from the sale of said property distributed among the life tenant and the remaindermen in the manner prescribed by law for the distribution of such proceeds,

SMITH *v.* SUITT.

the amount of the recovery asked for in paragraph 1 of the relief to be deducted from the share due the defendants.

(4) That if, for any reason, the court cannot order a sale and division of the proceeds of the property the court appoint a commissioner who shall be authorized and directed to sell said property, and after paying to the plaintiff the amount of any judgment obtained by the plaintiff against the defendants reinvest the net proceeds derived from said sale under the direction of the court, with the income on the same to be paid to the plaintiff during her lifetime and at her death the remainder of said proceeds to be paid to the defendants.

(5) For the costs of this action, and for such other and further relief as the plaintiff may be entitled to have."

The defendants filed the following demurrer : "The defendants in the above entitled action hereby demur to the complaint and petition filed in said action for that said complaint does not state facts sufficient to constitute a cause of action for that : 1. The plaintiff has no cause of action for the recovery of money spent by her in making repairs and improvements upon property held by her as tenant for life, and held with the full knowledge of her interest in said property. 2. The plaintiff has no cause of action to enforce partition, or sale for partition, of any property held by her as tenant for life. Wherefore, the defendants pray that this action be dismissed at the cost of the plaintiff."

The judgment of the court below was as follows : "This cause coming on to be heard upon the demurrer filed by the defendants in the above-entitled action on the ground that the complaint did not show that the plaintiff had a cause of action, and having been heard, and it being hereby found as a fact that the complaint does state a cause of action : Now, therefore, it is hereby ordered, considered and adjudged that the demurrer be, and the same is hereby overruled, and the defendants are allowed thirty days from this date in which to file answer."

The defendants duly excepted, assigned error and appealed to the Supreme Court.

*Victor S. Bryant and C. V. Jones for plaintiff.*
*Basil M. Watkins for defendant.*

CLARKSON, J. The questions involved : (1) Under the facts as alleged in the complaint—Is a life tenant alone chargeable with the cost of permanent improvements on property in which she owns only a life estate and which improvements tend to enhance the value of the remainderman's estate as well as her own? We think so. (2) At the request of a life tenant will the court order a sale of property for partition and division or reinvestment? We think not in a partition proceeding. Upon

proper showing a sale for reinvestment can be had in an equitable proceeding or under C. S., 1744.

As to the first question, we think the principle is well stated in 17 R. C. L., at p. 635 and 636: "It is the general rule that a life tenant is not entitled to compensation from the remainderman for the enhancement of the property by reason of his improvements, nor can a charge upon the lands of the inheritance be made for such improvements, it being generally held that a life tenant does not come within the purview of the betterment or occupying claimant's acts. The reasons for this rule are that the life tenant should not be permitted to consume the interest of the remainderman by making improvements that the remainderman cannot pay for, or that he does not desire, and also that improvements are made for the immediate benefit of the life estate, and usually without reference to the wishes of the remainderman. Mere knowledge on the part of the remainderman that improvements are being made and passive acquiescence therein are not sufficient to charge him with the cost thereof. An exception has been made where the life tenant is an infant, and the income from the property is by order of the court invested in permanent improvements. Ordinarily, a third person claiming under the life tenant is entitled to no greater rights than the life tenant himself, but some courts, applying equitable principles, have allowed recovery where improvements have been made by a person who, although in fact holding under a life tenant, believed himself· to be the owner of the fee." *Merritt v. Scott,* 81 N. C., 385; *Northcott v. Northcott,* 175 N. C., 148; *Pendleton v. Williams,* 175 N. C., 248; *Harriett v. Harriett,* 181 N. C., 75. The case of *Middleton v. Riggsbee,* 179 N. C., 437, we think is distinguishable and applicable to the facts in that particular case.

It is said in *Pritchard v. Williams,* 181 N. C., at p. 47: "The plaintiff's fourth and fifth exceptions were to the refusal of prayers to instruct the jury, which were based upon the idea that since under· the terms of the trust established in the main cause, 175 N. C., 319, the plaintiff was decreed to be the owner of the life estate, he occupied the position of a life tenant with respect to the improvements made by him. But he was not an ordinary life tenant within the meaning of the principle that life tenants cannot recover for betterments which were placed thereon with knowledge of the fact. The defendant made the improvements, as the jury find, under a bona fide belief that he was the owner in fee simple, and the Court decided that the plaintiff was entitled to have the issue thereon submitted, 176 N. C., 108, by a unanimous Court, and. this was reaffirmed on rehearing, 178 N. C., 444. The plaintiff's prayers were therefore properly refused." The plaintiff in the present action made the permanent improvements by her own will and accord, and knew she had only a life estate.

In the instant case, the life tenant does not join with the remainder-men in a petition for the sale of the property for partition, and neither is she made a party defendant in an action instituted by the remainder-men, but, on the other hand, the plaintiff has sought in an adversary proceeding against the remaindermen to have a sale of the property ordered in order that same may be partitioned. This cannot be done. C. S., 3235. *Ray v. Poole,* 187 N. C., 749; *Gillespie v. Allison,* 115 N. C., 542 *(S. c.,* 117 N. C., 512).

Under C. S., 1744, the life tenant can maintain this action for re-investment and sell the lands described in the complaint upon proper showing, and this can be done in an equitable proceeding. On this aspect see *Middleton v. Riggsbee, supra; Pendleton v. Williams, supra.* The complaint is not demurrable unless it is wholly insufficient. If a demurrer is interposed to a whole complaint and any one of the causes of action is good the demurrer will be overruled.

The judgment below overruling the demurrer is therefore

Affirmed.

BROGDEN, J., not sitting.