### D. E. STEPP v. EMMETT STEPP, ELMER STEPP AND JEANETTE STEPP SMITH.

(Filed 27 January, 1931.)

1. **Life Estates C a—Life tenant may maintain action for sale of interests for reinvestment.**

Under the amendment to C. S., 1744, the right of those having a contingent remainder in lands to have the lands sold for reinvestment is extended to the life tenant, who may do so without the joinder of the vested remaindermen (chapter 124, Public Laws of 1927), and *held:* where the complaint of a life tenant alleges that the land is unproductive and income therefrom is insufficient to pay the taxes and reasonable upkeep, and prays that the land be sold, the demurrer of the vested remaindermen is improperly sustained, although the life tenant is not entitled to the specific relief prayed for, the complaint alleging at least one good cause of action.

2. **Pleadings D a—Where complaint alleges sufficiently one good cause of action a demurrer thereto should not be sustained.**

Where one of several of the causes of action alleged in the complaint is good a demurrer thereto for insufficiency to state a cause of action is bad.

APPEAL by plaintiff from *Schenck, J.,* at May-June Term, 1930, of HENDERSON. Reversed.

The plaintiff alleges that he is the owner of a life estate in a certain lot in the city of Hendersonville, N. C., describing same:

"That the defendants, Emmett Stepp, Elmer Stepp and Jeanette Stepp Smith, are of the age of 21 years, and in common own the remainder, or reversionary interest in the land. That the said land is subject to both city and county taxes, and the combined rate of taxation exceeding 4 per cent upon the assessed value of $5,500; that the said property has a large street frontage on two streets, and is subject to the payment within the next few years of paving assessments in the sum of about $2,500; that said lands are unproductive, and produce no income with which to pay the taxes and upkeep of same. That this action is

brought for the purpose of having the court decree a sale of said lands and premises, as provided by law. Wherefore, plaintiff prays judgment: First, that the court order a sale of said lands and premises, and that a commissioner be appointed to make said sale under the direction of the court; second, that the court order paid out of the proceeds of such sale absolutely to the plaintiff, the value of said plaintiff's share during his probable life, to be ascertained as now provided by law; that the remainder of said proceeds be paid over to, or reinvested for, the defendants, Emmett Stepp, Elmer Stepp and Jeanette Stepp Smith; third, that the cost of this proceeding be paid out of the proceeds of said sale; fourth, for such other and further relief as the plaintiff may be entitled to under the facts and circumstances of this case, and as to this honorable court may seem mete and proper."

The defendants demurred to the complaint on the ground: "That said complaint fails to state a cause of action against these defendants, or any of them; for that said complaint alleges that the estate of the plaintiff in the land and premises in respect of which relief is sought in said complaint, is a life estate only, and it is not alleged in said complaint, either that there is a contingent remainder over to persons who are not in being, or that there was or is any contingency which has not yet happened which will determine who the remaindermen are; and it further affirmatively appears from said complaint that all of the estates and interests in said property are vested interests."

The court below sustained the demurrer, plaintiff excepted, assigned error and appealed to the Supreme Court.

*Eubank, Whitmire & Weeks and Ray, Redden & Redden for plaintiff. Shipman & Arledge and Carter & Carter for defendants.*

CLARKSON, J. The question involved: Can a life tenant of land which is unproductive and from which the income is insufficient to pay the taxes and reasonable upkeep of said land, maintain an action for sale of the same without the joinder of any of the vested remaindermen as parties plaintiff? We think so, under chapter 124, Public Laws 1927. The decision of this action depends upon the construction of certain statutes.

The last decision written by the learned former *Chief Justice Walter Clark,* of this Court, was *Ray v. Poole,* 187 N. C., 749, construing certain statutes in reference to the subject. It is there said, at pp. 752-3, quoting from 30 Cyc., 182: " 'A cotenant of an estate in possession less than in fee, although entitled to partition, cannot by his partition affect an estate in reversion or a remainder unless authorized to do so by statute,' citing to that effect among other cases *Simpson v. Wallace,* 83

N. C., 477, and *Williams v. Hassell,* 74 N. C., 434, which last has been cited in many cases since. See Anno. Ed. And while the act of 1887, now C. S., 3234 and 3235, has authorized a sale at the instance of the remaindermen, or between the life tenants, there is, as above said, no authority by which the life tenant can 'freeze out' the children or other tenants in reversion or remainder. *Gillespie v. Allison,* 115 N. C., 542, and *In re Inheritance Tax,* 172 N. C., 174." This decision was filed 21 May, 1924. *Smith v. Suitt,* 199 N. C., 5.

In Vol. 3, C. S., 1744, under "Estates," we find *"Remainders to uncertain persons; procedure for sale; proceeds secured.* In all cases where there is a vested interest in real estate, and a contingent remainder over to persons who are not in being, or when the contingency has not yet happened which will determine who the remaindermen are, there may be a sale of the property by a proceeding in the Superior Court, which proceeding shall be conducted in a manner pointed out in this section. . . . The court shall, if the interest of all parties require or would be materially enhanced, by it, order a sale of such property or any part thereof for reinvestment, either in purchasing or in improving real estate, less expense allowed by the court for the proceeding and sale, and such newly acquired or improved real estate shall be held upon the same contingencies and in like manner as was the property ordered to be sold," etc.

In reference to the above statute, in *Pendleton v. Williams,* 175 N. C., at p. 252, we find: "It is very generally recognized that statutes of this kind, being no interference with the essential rights of ownership, but operating rather in addition to those already possessed by the owner of such estates, are well within the legislative powers. Lawson's Rights and Remedies, sec. 3867. And the act we are presently considering has been repeatedly approved and applied by decisions of this Court, the law being construed to authorize a sale of the property or the portion of it affected by the contingent interest and not a sale of the contingent interest separately. *Smith v. Witter,* 174 N. C., 616; *Smith v. Miller,* 151 N. C., 620; *Anderson v. Wilkins,* 142 N. C., 154; *Hodges v. Lipscomb,* 133 N. C., 199; *Springs v. Scott,* 132 N. C., 548; where the subject of these sales is very fully discussed by our former *Associate Justice Connor.* And it may be well to note that this later decision of *Hodges v. Lipscomb* was in reversal of a previous decision in the same case, 128 N. C., 57, additional parties having been made in accord with the Court's suggestion, so as to bring the later case within the provisions of the statute referred to."

In *Middleton v. Rigsbee,* 179 N. C., at p. 440, is the following: "And in a well considered case of *Gavin v. Curtin,* 171 Ill., 640, the doctrine was extended to the case of a life tenant and ulterior remainder-

man on contingency of a common-law estate where it was made to appear that a piece of property in the city of Chicago, valuable but unproductive, by reason of accumulating taxes and charges upon it, would be entirely lost to the owners unless a sale could be made—the principle ruling in the case being stated as follows: 'Upon a bill of a life tenant equity may appoint trustees to take the fee in the property, sell the same, reinvest the proceeds for the benefit of the life tenant and the remainderman, where it appears that unless equity interferes the property will be lost to both life tenant and remainderman.' The position is put beyond question in the present case, this being a proceeding under section 1590 of the Revisal (C. S., 1744), authorizing a sale of property affected by certain contingencies, and the statute making express provision to the effect that when the interest of all the parties would be materially enhanced by it, a sale may be had of the property or any portion for reinvestment either in purchasing or improving real estate. And the Court having held that by correct interpretation the statute authorizes, in proper instances, a sale of a part of the property for the preservation and improvement of the remainder. *Smith v. Miller,* 158 N. C., 99, and same case, 151 N. C., 620."

After the decision in the *Ray case, supra,* the General Assembly passed the following: Chapter 124, Public Laws 1927. "An act to amend chapter 34, section 1744 of volume three, of the Consolidated Statutes, governing the sale of lands for reinvestment, etc." "That any person or persons owning a life estate in lands which are unproductive and from which the income is insufficient to pay the taxes on and reasonable upkeep of said lands shall be entitled to maintain an action, without the joinder of any of the remaindermen or reversioners as parties plaintiff, for the sale of said property and reinvestment of the funds under the provisions of this section, but in every such action when the rights of minors or other persons not *sui juris* are involved, a competent and disinterested attorney shall be appointed by the court to file answer and represent their interest."

It will be noted that the above amendment says that in certain particular cases where *"lands which are unproductive and from which the income is insufficient to pay the taxes and reasonable upkeep of said lands shall be entitled to maintain an action, without the joinder of any of the remaindermen or reversioners as parties plaintiff,"* etc.

This amendment, where the land is unproductive, etc., extends the right of action to include life estates where there are vested remaindermen and reversioners without their joinder. The section 1744 which is amended, theretofore had reference only to contingent remainders. Un-

der C. S., 3235, *Ray v. Poole, supra,* and *Smith v. Suitt, supra,* this could not be done.

The language in the amendment of 1927, which amended C. S., 1744, is clear and unmistakable. We must give it force and effect. The allegations of the complaint come fully within this amendment, which we cannot ignore. The policy is for the General Assembly and not for us.

It may be further noted that C. S., 1744 says: "And after the sale of such property in all proceedings hereunder, where there is a life estate, in lieu of said interest or investment of proceeds to which the life tenant would be entitled to, or to the use of, the court may in its discretion order the value of said life tenant's share during the probable life of such life tenant, to be ascertained as now provided by law, and paid out of the proceeds of such sale absolutely, and the remainder of such proceeds be reinvested as herein provided."

The amendment says *"reinvestment* of the funds under the provisions of this section." This amendment does not seem to permit the life tenant to "cash in" although this is prayed for in the complaint.

"The complaint is not demurrable unless it is wholly insufficient. If a demurrer interposed to a whole complaint and any one of the causes of action is good the demurrer will be overruled." *Smith v. Suitt,* 199 N. C., at p. 9.

The order sustaining the demurrer in the court below must be
Reversed.