MRS. ADDIE JONES HALL AND HUSBAND, CLAUDE T. HALL, v. MADE-
LINE ELAINE HALL, HULDAH JONES HALL, C. T. HALL, JR., JOHN
LOCKSLEY HALL, NANCY MAE HALL AND ANY UNBORN CHILDREN OF
MRS. ADDIE JONES HALL, AND CLAUDE T. HALL, GUARDIAN OF
HULDAH JONES HALL, C. T. HALL, JR., JOHN LOCKSLEY HALL
AND NANCY MAE HALL.

(Filed 14 June, 1941.)

1. Estates § 9b—

Where a tenant, with knowledge that she has only a life estate in the
*locus in quo* with limitation over to her children, makes permanent im-
provements upon the land, the life tenant is solely liable for the cost of
the improvements and is not entitled to compensation therefor, nor does
the cost thereof constitute a charge upon the land when it passes to the
remaindermen, notwithstanding that the improvements are, in part at
least, for the benefit of the remaindermen.

2. Estates § 10—In order for court to authorize that interest of contingent
remaindermen be mortgaged it must be made to appear that their
interest would be materially enhanced thereby.

The *locus in quo* was devised to testator's daughter for life with limita-
tion over to the daughter's children. The daughter and her husband
expended large sums in making permanent improvements upon the prop-
erty, and instituted this proceeding against their children, *in esse* or which
might thereafter be born, seeking to have a mortgage in the sum of $20,900
placed on the property to refinance an existing mortgage on the property
in the sum of $10,000, and also unsecured notes executed by the life tenant
representing a part of the moneys used in making said improvements.
*Held:* Since the remaindermen are in no way liable for any sums expended
by the life tenant in making permanent improvements, the finding by the
court that the execution of the mortgage to refinance the indebtedness
would materially enhance the interest of the remaindermen is erroneous,
and judgment directing the execution of the mortgage to refinance the
indebtednesses is reversed. C. S.. 1744.

3. Guardian and Ward § 16a—

A guardian may not be authorized to join with the life tenant in execut-
ing a mortgage on lands in which his wards own the remainder in order
to refund notes executed by the life tenant representing a part of the
moneys expended by the life tenant in making permanent improvements
upon the land, since, the remaindermen being in no way liable for the sums
expended by the life tenant, the execution of the mortgage could not be to
the interest of the remaindermen. C. S., 2180.

4. Same—

The refinancing of a mortgage on the *locus in quo* in order to secure a
new loan carrying a greatly reduced interest rate, could not inure to the
benefit of the remaindermen, since any savings in interest would inure to
the benefit of the life tenant who is entitled to the usufruct.

APPEAL by defendants from *Carr, Resident Judge* of Tenth Judicial District, in Chambers at Graham, 3 May, 1941. From PERSON.

*Cooper A. Hall for plaintiffs, appellees.*
*Barnie P. Jones for defendants, appellants.*

SCHENCK, J. This is a special proceeding instituted before the clerk of the Superior Court of Person County by the plaintiffs, the life tenant and her husband, against the defendants, their children and remaindermen, for the purpose of placing a mortgage upon the interests in remainder of minors, together with interest of the life tenant, to secure the payment of a loan of $20,900.00 from the Federal Land Bank, the money to be used in retiring a note for $10,000.00 secured by mortgage on the entailed property, and the balance in retiring unsecured notes of the life tenant and her husband, the proceeds of all of said notes having been duly and wisely expended in enhancing the value of and increasing the income from the entailed property.

D. S. Brooks was duly appointed guardian *ad litem* for all of the minor defendants and of any unborn children of Mrs. Addie Jones Hall.

The clerk found substantially the following facts: (1) that M. L. Jones, late of Person County, died 19 May, 1920, seized of a lot of land in the town of Roxboro, upon a portion of which was situated the Hotel Jones Building and two dilapidated residences, and 3,300 acres of farm land in Person County, and that he left a last will and testament wherein he devised to his daughter, the plaintiff, a life estate in said lands with remainder to her children, in the following language: "I give and devise to my beloved daughter Addie Garnet Jones all of my real estate for and during the term of her natural life and at her death all of said real estate shall go to her children in fee simple"; (2) that Addie Garnet Jones (the plaintiff) married Claude T. Hall (her coplaintiff) and that they now have five living children (the defendants), four of whom are minors, (3) that in order to pay the increasing taxes, street assessments, insurance, etc., the plaintiffs concluded it was to the best interest of the life tenant and of the remaindermen to develop the real estate by placing permanent improvements upon the town lot, and accordingly, over the years, have expended approximately $78,000.00 in constructing brick buildings thereon, all of which have been paid for from the income from the property except $10,000.00 now secured by mortgage thereon, thereby greatly increasing the income from said property and enhancing the permanent value thereof, and in addition to the improvements placed upon the town lots plaintiffs have constructed a brick veneer residence on the farm at a cost of approximately $10,000.00 and "said improvements were necessary and material additions to the value of said farm,"

(4) that in addition to the permanent improvements aforesaid the plaintiffs have renovated and modernized the hotel, and have placed a water system and are now installing an elevator therein, and have paid all taxes thereon and have kept the property insured for the benefit of the life tenant and remaindermen; and that "said improvements will add greatly to the permanent value of the property in remainder," (5) "that the cost of the permanent improvements to the town and the farm properties, placed there by said life tenant and her husband, to say nothing of the barns, etc., added to the farm, approximate the sum of $88,000; that said cost has been paid and satisfied in full from the income of said estate, save and except the amount of $21,945.00 set out in paragraph 5 of the petition, and $22,000.00 received from the sale of some timber from said farm, which amount was used in the payment of the cost of some of the buildings placed upon the town property; and that the moneys used in paying for the improvements were borrowed upon the individual notes of said life tenant and her husband without mortgage, save and except the note for $10,000 referred to in paragraph 5 of the petition," (6) "that the life tenant and her husband are supporting and educating their children, and that they have and are exercising the same care and business acumen in handling and developing said estate as a prudent owner of the fee would exercise if he had been in possession, cultivating and using the lands and property for support, or for profit, and the sole purpose of asking to fund the debt of $11,945 and to pay the $10,000 six per cent (6%) mortgage is to save 2½ or 3% interest and to amortize the principal over the period of 20 years, which will enable them to apply more of the net income from said estate in adding needed and profitable improvements and preserving the estate," (7) "that $11,945 of the liabilities set out in paragraph 5 of the petition is now evidenced by the individual notes of the life tenant and her husband, C. T. Hall, and secured by an insurance policy on the life of C. T. Hall in the sum of $15,000; that said funds were used solely and exclusively in adding permanent worthwhile and needed improvements to the town and farm properties, referred to in the cause, the expenditure of which has been of great and lasting profit to the remaindermen of said estate," (8) "that after careful consideration, weighing and investigating the advantages and disadvantages of borrowing the sum of $20,900 at 2½ or 3% interest to fund and pay off the obligations referred to in paragraph 5 of the petition, and to secure the payment of said loan by putting a mortgage on the interest of the remaindermen in said farm, the Court finds it as a fact that the interest of the minors, Huldah Jones Hall, C. T. Hall, Jr., John Locksley Hall and Nancy Mae Hall, as well as the contingent remaindermen yet unborn, requires it and would be materially enhanced by borrowing the money from the Federal

Land Bank and securing the payment by a mortgage on the farm property as prayed for by the petitioners." (9) That all of the children of Mrs. Addie (Garnet) Jones Hall, as well as any unborn children of her, are represented by D. S. Brooks, guardian *ad litem,* who has filed answer for them, and are duly before the court.

Upon the foregoing findings of facts the clerk concluded as a matter of law that the court "is authorized and empowered under the conditions of the provisions of C. S., sec. 1744, and the broad principles of equity, to direct the borrowing of the money from the Federal Land Bank with which to pay off and satisfy the obligations referred to in paragraph 5 of the petition and to secure the payment of the same by a mortgage, or mortgages, binding the interest of the remaindermen in and to the farm property described in the petition," and entered judgment accordingly.

To the conclusion of law of and the judgment entered by the clerk, the guardian *ad litem* of the minor defendants and of the unborn children of Mrs. Addie Jones Hall excepted and appealed to the resident judge.

The resident judge found the findings of fact by the clerk to be correct and adopted them as the findings of fact of the court; and as an additional finding of fact found from other evidence taken at the hearing, that "at the time the timber on the property was sold for $22,000.00, the life tenant was then twenty-nine years of age and entitled to $12,968.56 as her share of the proceeds of said sale; and that the life tenant has paid out of her own funds on the permanent improvements upon said land the sum of approximately $57,023.00" and further that "the type of improvements which have been made upon the land owned by the remaindermen described in the petition are permanent structures built of brick and the remaindermen will receive far more profit from the improvements than the life tenant can hope to receive; and that the life tenant has paid a sum in excess of her equitable portion of the expenses of said permanent improvements."

The judge also adopted the conclusions of law of the clerk, and, in addition, concluded that "the remaindermen should in equity be required to bear some portion of the expenses of said permanent improvements to their property and that the amount which is now proposed shall be placed as a lien upon their farm property in the sum of $20,900 is adjudged to be a sum that is not in excess of that which is fair and equitable and is a fair and equitable amount for said remaindermen to pay."

Whereupon the court entered judgment authorizing and directing the guardian of the infant defendants and the guardian *ad litem* of said infant defendants and of any unborn children of Mrs. Addie Jones Hall to execute notes and mortgage, with the life tenant and her husband,

and Madeline Elaine Hall, the *sui juris* daughter of the plaintiffs, to the Federal Land Bank, upon the farm lands; and adjudging that such mortgage will bind "every and all interest, or interests, right or title, vested or contingent, in such lands to such an extent as to give the purchaser, purchasers, at any foreclosure sale, under said mortgage a good, fee simple title, free and clear of all conditions and limitations," and that, after paying costs and expenses, "the remainder of said funds shall be used to pay off and retire the obligations referred to in paragraph 5 of the petition," (*i.e.*, the $10,000.00 note secured by mortgage on the town lot, and the $11,945.00 evidenced by the unsecured notes of the plaintiffs).

To the conclusions of law and the judgment entered by the judge the guardian *ad litem* of the minor defendants and of the unborn children of Mrs. Addie Jones Hall excepted and appealed to the Supreme Court, assigning error.

As praiseworthy and as well intentioned as have apparently been the actions of the plaintiffs in this case in an effort to improve and conserve the property for their children, we are constrained to hold under the decisions of this Court that their contentions herein made are untenable.

All of the indebtednesses which are proposed to be funded and paid by the proceeds of the loan sought to be made are solely indebtednesses of the life tenant, and her husband, except $10,000.00 which is now secured by mortgage on the town lot. $11,945.00 of the total indebtedness of $21,945.00 is evidenced by notes of the plaintiffs for which the defendants, who are remaindermen, or their property, are in nowise responsible or liable.

Improvements put on land by a life tenant during his occupancy thereof do not constitute a charge upon the land when it passes to a remainderman. *Merritt v. Scott,* 81 N. C., 385. A devise of lands for life with limitation over does not entitle the life tenant to compensation for betterments he has placed on the land during his tenancy, under the equitable principle allowing it, or our statute relating thereto. *Northcott v. Northcott,* 175 N. C., 148, 95 S. E., 104. One who makes permanent improvements upon land knowing at the time he owns only a life estate therein, may not recover against the remaindermen a proportionate part of the value of the improvements on the ground that they were for the benefit, in part at least, of the remaindermen. *Smith v. Suitt,* 199 N. C., 5, 153 S. E., 602. While it is true that a tenant for life, making substantial and permanent improvements on the lands, under facts and circumstances affording him a well grounded and reasonable belief that he owned a fee therein, is entitled to recover for betterments he has thus made, *Pritchard v. Williams,* 181 N. C., 46, 106 S. E., 144; *Harriett v. Harriett,* 181 N. C., 75, 106 S. E., 221, there is no allegation or evidence that the life tenant in this case had any *bona fide* belief that she owned a fee in the land involved.

HALL *v.* HALL.

The plaintiffs are not aided by C. S., 1744, which makes provision for the sale or mortgage of real estate wherein there is a vested interest and a contingent remainder over to persons not in being by a special proceeding as therein pointed out. The pertinent portion of this statute reads: "The court shall, if the interest of all parties require or would be materially enhanced by it, order a sale of such property or any part thereof . . ." Since the defendant remaindermen in this case and their interest in the real estate involved are in no wise responsible or liable for as much as fifty per centum of the indebtednesses which it is proposed to fund and pay, any finding of fact or conclusion of law to the effect that the execution of a mortgage on the interest of the defendants in such real estate, authority for which is sought in this proceeding, is required or would materially enhance the interest of the defendants is erroneous.

The plaintiffs are likewise unaided by the fact that Claude T. Hall as guardian of the minor defendants has filed answer admitting the allegations of the petition and joining in the prayer thereof. While this may be construed as tantamount to the filing of a petition by a guardian under C. S., 2180, still this statute provides that application of the guardian upon petition "showing that the interest of the ward would be materially promoted by the sale or mortgage of any part of his estate, real or personal, . . . and the truth of the matter alleged in the petition being ascertained by satisfactory proof, a decree may thereupon be made that a sale or mortgage be had. . . ." It does not appear, nor can it be found "that the interest of the wards would be materially promoted" by the mortgage sought to be authorized in this proceeding. In fact, just the opposite appears.

The contention is made that the difference in the rate of interest now being paid, 6%, and the interest that would be paid on the loan sought to be made, 2½ or 3%, would materially benefit and enhance the interest of the defendants. This does not follow, since any savings in interest would inure to the benefit of the life tenant instead of to the remaindermen—the life tenant being entitled to the usufruct. And, besides, the estate of the defendant remaindermen is now liable for the interest on only $10,000.00, whereas under the mortgage sought to be made such estate would be liable for interest on $20,900.00.

The judgment of the Superior Court is

Reversed.