D. W. PARRISH AND WIFE, MAXINE S. PARRISH; J. J. PARRISH AND WIFE, HAZEL O. PARRISH; COY PARRISH AND WIFE, ANNIE JUNE C. PARRISH; GENA P. SUGGS AND HUSBAND, ANDREW SUGGS v. WADIE L. PARRISH, WIDOW.

(Filed 10 January, 1958.)

Estates § 9c—

In an action by remaindermen against the life tenant for waste, G.S. 1-533, judgment must be in accord with G.S. 1-538, and the court in such action has no authority to order the realty to be sold and the life tenant's share, diminished in the amount of damages awarded by the jury for waste, paid the life tenant, the relief provided in G.S. 41-11 being available only in a special proceeding begun before the clerk and having no application in an action for waste.

APPEAL by plaintiffs from *Craven, S. J.,* May, 1957 Civil Term, ALAMANCE Superior Court.

Civil action for waste instituted by the plaintiffs, remaindermen, against defendant, life tenant. After denying the allegations of waste the defendant inserted the following in her further defense and prayer for relief:

"3. That the defendant further avers that on account of the condition of said premises and her inability to make the necessary repairs, she hereby agrees that her dower

interest may be computed to cash upon a public sale of said property for a division and will join in the necessary proceedings for that purpose. * * *

"(b)  That the court decree a sale of said land for division and that defendant's dower interest be computed and paid to her in cash . . ."

The jury found the defendant had committed waste and assessed damages at $1,200. The plaintiffs tendered judgment that they recover $1,200, and if the sum is not paid on a day to be fixed by the court, that the plaintiffs recover the property. To the court's refusal to sign the judgment tendered, the plaintiffs excepted. The court entered a judgment that the plaintiffs recover $1,200 and,

"IT IS FURTHER ORDERED pursuant to the statutory authority contained in G.S. 41-11 Amended and in the exercise of the court's inherent equity jurisdiction, and on the authority of *Stepp v. Stepp,* 200 N.C. 237, that the foregoing described real property be sold at public auction . . . in its discretion the court orders that the value of said life tenant's share . . . be ascertained . . . said share shall be thereby diminished in the amount of this judgment and the costs, and the balance remaining, if any, shall be paid . . . to the life tenant absolutely . . ."

The court named a commissioner to make the sale. The plaintiffs excepted to the judgment, and appealed.

*Long, Ridge, Harris & Walker, for plaintiffs, appellants.*
*No counsel contra.*

HIGGINS, J.  The judgment in an action for a wrong in the nature of waste may be for damages, forfeiture of the estate of the party offending, and eviction from the premises. Article 42, G.S. 1-533. "In all cases of waste, when judgment is against the defendant, the court may give judgment for treble the amount of the damages assessed by the jury, and also that the plaintiff recover the place wasted, if the damages are not paid on or before a day to be named in the judgment." G.S. 1-538.

"So that it is left within the sound discretion of the judge who tries the action to determine whether he will give single or treble damages, as well as to fix a day after which a writ of possession may issue for the place wasted, if the damage allowed shall not have been meantime actually paid." *Sherrill v. Conner,* 107 N.C. 543, 12 S.E. 588; Mordecai's Law Lectures, Vol. 1, 2d Ed., p. 710.

The learned trial judge committed error in attempting to grant the relief provided for in G.S. 41-11 and discussed in *Stepp v. Stepp,* 200 N.C. 237, 156 S.E. 804. Since the enactment of Chapter 96, Session Laws 1951, a sale under G.S. 41-11 can be ordered only in a "special proceeding" which must be instituted before the clerk of the superior court. Judgment in an action for waste must be in conformity with G.S. 1-538 and is granted after a trial in term. Judgment in G.S. 41-11 must be entered in a special proceeding before the clerk. The latter section has no application.

The judgment appealed from is set aside and the cause is remanded to the Superior Court of Alamance County for the entry of a proper judgment upon the verdict.

Error and remanded.