IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-160

Filed 3 December 2025

Haywood County, No. 19CVD000640-430

CHADWICK ZULEGER, Plaintiff,

v.

ROBERT M. CLORE, JR., Defendant/Third-Party Plaintiff,

v.

NOELLE ZULEGER LOWRY, and ERIC MELVIN ZULEGER, Third-Party Defendants.

Appeal by Plaintiff from judgment entered 5 April 2024 by Judge Alan Z. Thornburg in Haywood County Superior Court. Heard in the Court of Appeals 11 September 2025.

> *Hyde Brown Wilson PA, by Mark A. Wilson, for Plaintiff and Third-Party Defendants.*
>
> *Smathers & Smathers, by Patrick U. Smathers, for Defendant/Third-Party Plaintiff.*

GRIFFIN, Judge.

Plaintiff Chadwick Zuleger and Third-Party Defendants Noelle Zuleger Lowry and Eric Melvin Zuleger appeal from the trial court's judgment entered on 5 April 2024 ordering property to be sold, the value of Defendant's life estate be paid to him,

and the balance be invested for Plaintiff and Third-Party Defendants as the remaindermen. Plaintiff and Third-Party Defendants contend the trial court committed several errors. We disagree and affirm the trial court.

## I.    Factual and Procedural Background

On 10 June 2019, Plaintiff filed a complaint against Defendant alleging waste of property located at 264 Doctors Drive, Clyde, North Carolina 28721, recorded in Deed Book 626, page 614, Haywood County Registry ("the property"). Upon the death of Latane J. Clore, owner of the property, the property was devised to Defendant, Latane Clore's husband, as life tenant, and then to Plaintiff, Latane Clore's son, upon Defendant's death. On 15 August 2019, Defendant answered and filed a counterclaim against Plaintiff for sale of the property under N.C. Gen. Stat. § 41-11, alleging the income from the property "is insufficient to pay the taxes and upkeep of the real property." In addition, Defendant filed a third-party complaint of the same section 41-11 claim for sale of the property against two additional Third-Party Defendants. Plaintiff and Third-Party Defendants answered and motioned to dismiss the section 41-11 action on 3 September 2019.[1] On 6 January 2020, District Court Judge Donna F. Forga transferred the section 41-11 action to the Clerk of Superior Court.

On 12 April 2021, the Clerk of Superior Court entered an order denying Defendant's section 41-11 claim, finding, *inter alia*, the property was not subject to

---

[1] For ease of reading and clarity, Plaintiff and Third-Party Defendants will be hereinafter referred to collectively as Plaintiff unless within a quotation.

section 41-11. Defendant appealed, and Superior Court Judge Mark E. Powell set aside the 12 April 2021 Order and remanded the section 41-11 action to the Clerk of Superior Court for further hearing and proceedings. On 6 March 2023, the Clerk of Superior Court found that it was "in the best interest of all the parties that the [property] be sold at a private sale and the proceeds be distributed and invested pursuant to [section] 41-11." Further, the Clerk of Superior Court ruled "after all costs of sale, the value of Defendant's life estate shall be determined and invested pursuant to [section] 41-11, and the balance distributed equally to the Plaintiff and Third Party Defendants, being those who own the remainder interest in said real property." The Clerk of Superior Court based its conclusions on the following findings of fact:

> 1. That Defendant is a citizen and resident of the County of Haywood, State of North Carolina. That he is the former husband of Latane Clore, who deceased on the 23rd day of June, 2014. That at the time of her death, Latane Clore was the owner of certain real property as described in Deed Book 626, Page 614, Haywood County Registry. That the Last Will and Testament of Latane Clore was admitted to probate on the 28th day of February, 2019, in Haywood County File No. 2014 E 380. The said Will provides that Defendant is to have a life estate in the real property described in Deed Book 626, Page 614, Haywood County Registry, which is the subject matter of this action. That said real property is a 3 bedroom, 2 bath, ranch style house. That at the time of the death of Latane Clore, the house was in a deteriorating condition, needing necessary maintenance and repairs, and since her death, has continued to need repair and maintenance, and continues to deteriorate. That Defendant is retired, suffers from poor health, whose source of income is social security. That

Defendant has managed to pay the taxes and insurance on said real property, but since the death of Latane Clore, has not had sufficient income to maintain and make necessary repairs for said real property. That Defendant attempted to obtain a loan to do repairs, but has not able to qualify for a loan. That in addition to being the residence of [] Defendant, the home generates rental income in the amount of $700.00 per month, which is paid to [] Defendant. That due to the lack of Defendant's social security and rental income, Defendant, as life tenant, cannot maintain and repair the premises as needed to keep it in a good state of order and repair.

2. That the current tax value of said real property is $315,100.00.

3. That the current needs for repair and maintenance to said real property are at a minimum in excess of $25,000.00. That all Parties acknowledge the repairs will be substantial.

4. That Plaintiff and Third Party Defendants are children of the late Latane Clore and owners of the remainder interest in that real property described in Deed Book 626, Page 614, Haywood County Registry, pursuant to the Last Will and Testament of Latane Clore. That since the death of Latane Clore, [] Plaintiff and Third Party Defendants have not contributed any funds for the maintenance, repairs or upkeep of the premises, nor paid any taxes and insurance.

5. That due to the lack of income of [] Defendant and income produced by the real property, it is in the best interest of all the parties that said real property be sold pursuant to N.C.G.S. 41-11, to prevent continued deterioration of said real property and loss in value, and the same is in the best interest of all the Parties.

Plaintiff appealed the 6 March 2023 judgment to superior court. On 5 April 2024, Superior Court Judge Alan Z. Thornburg adopted the Clerk of Superior Court's

findings of fact in full, but modified the conclusions of law, ordering that the property still be sold but "after all costs of sale, the value of Defendant's life estate shall be determined and paid to life tenant, [Defendant], in fee simple, and the balance shall be invested for the benefit of [] Plaintiff and Third[-]Party Defendants being the remaindermen, as provided in [section] 41-11."

Plaintiff appealed to this Court.

## II.   Analysis

Before we address Plaintiff's arguments, we must determine if we have jurisdiction. *Lannan v. Bd. of Governors of Univ. of N.C.*, 285 N.C. App. 574, 581, 879 S.E.2d 290, 297 (2022).

Plaintiff concedes that the judgment in this case is interlocutory as the waste claim is outstanding. "Generally, there is no right of immediate appeal from interlocutory orders and judgments." *Can Am S., LLC v. State*, 234 N.C. App. 119, 122, 759 S.E.2d 304, 307 (2014) (quoting *Goldston v. Am. Motors Corp.,* 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990)). "However, a party may appeal an interlocutory order if either: (1) the trial court certifies there is no just reason to delay appeal under N.C. Gen. Stat. § 1A-1, Rule 54(b) or (2) if delaying the appeal would affect a substantial right." *Bolden v. V & A Invs., LLC*, --- N.C. App. ----, ----, --- S.E.2d ----, ----, 2025 WL 2524171, at \*2 (2025) (quoting *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994)). The trial court has not certified this case for appeal; however, "our courts have recognized the . . . deprivation of a

significant property interest to be substantial rights." *Hanna v. Wright*, 253 N.C. App. 413, 415, 800 S.E.2d 475, 476 (2017) (quoting *Bessemer City Express, Inc. v. City of Kings Mountain*, 155 N.C. App. 637, 639, 573 S.E.2d 712, 714 (2002)); *see Phoenix Ltd. P'ship of Raleigh v. Simpson*, 201 N.C. App. 493, 499, 688 S.E.2d 717, 721 (2009) (agreeing a substantial right was implicated where a trial court granted the plaintiff specific performance and ordered a property conveyed from the defendant to the plaintiff). Therefore, we agree with both parties that this case affects a substantial right because the trial court's order of the sale of the property extinguishes the property rights of both parties upon the court-ordered sale of the property.

Plaintiff argues the trial court erred in its conclusions of law by finding Defendant is entitled to sale of the property and subsequent payout of the value of his life tenancy pursuant to section 41-11 of the North Carolina General Statutes. Specifically, Plaintiff challenges conclusions of law 2c and 2d, in which the trial court ruled,

> [2]c. That it is in the best interest of all the Parties that the subject property described in Deed Book 626, Page 614, Haywood County Registry, be sold at private sale and the proceeds be distributed pursuant to N.C.G.S. 41-11 ;

> [2]d. That in distributing the proceeds of the sale, after costs of sale and expenses, that the proceeds shall be distributed with payment to Defendant, as life tenant, the value of his share during his probable life, to be ascertained as now provided by law, absolutely. N.C.G.S. 41-11. "The purpose of that statute (N.C.G.S. 41-11) is to ascertain and pay the

life tenant the present value of his interest, while protecting the interest of the remainderman", *FMB, Inc. v. Creech*, 198 N.C. App 177 (2009). The statute contemplates that the proceeds of the sale, less expenses and perhaps the present worth of the life tenant's share, will be reinvested, either in purchasing or in improving real estate, *Crumpton v. Crumpton*, 290 N.C. 651 (1976). "The statutory authority now given to ascertain and pay over to the life tenant the present value of his interest was inserted in what is now G.S. 41-11", *Menzel v. Menzel*, 250 N.C. 649 (1956). "And after the sale of such property to all proceedings hereunder, where there is a life estate, in lieu of said interest or investment of proceeds to which the life tenant would be entitled to, or to the use of, the Court may, in its discretion, order the value of said life tenant's share during the probable life of such life tenant, to be ascertained as now provided by law, and paid out of the process of such sale absolute, and the remainder of such proceeds be reinvested as herein provided", *Stepp v. Stepp*, 200 N.C. 237 (1931).

We review these challenged conclusions of law de novo. *State v. Biber*, 365 N.C. 162, 168, 712 S.E.2d 874, 878 (2011).

Further, since our review pertains to the interpretation of section 41-11, our "primary goal . . . is to accomplish legislative intent, which, in the first instance, is discerned from the plain language of the enactment. If the statute's plain language is clear and unambiguous, this Court applies the statute as written and does not engage in further statutory construction." *N.C. Farm Bureau Mut. Ins. Co., Inc. v. Hebert*, 385 N.C. 705, 711, 898 S.E.2d 718, 724 (2024) (citations omitted). Additionally, "this Court does not read segments of a statute in isolation. Rather, we

construe statutes *in pari materia,* giving effect, if possible, to every provision." *Rhyne v. K-Mart Corp.*, 358 N.C. 160, 188, 594 S.E.2d 1, 20 (2004) (citing *Dockery v. Hocutt,* 357 N.C. 210, 219, 581 S.E.2d 431, 437 (2003)).

## A. Independent Cause of Action

In support of this argument, Plaintiff first contends the 1927 amendment to section 41-11 establishes an independent cause of action for life tenants separate from the other provisions contained in the statute, changing the evidentiary standard used by the trial court and preventing Defendant from being paid the cash value of his life tenancy.

In 1927, now-section 41-11 was amended to include, *inter alia,*

> That any person or persons owning a life estate in lands which are unproductive and from which the income is insufficient to pay the taxes on and reasonable upkeep of said lands shall be entitled to maintain an action, without the joinder of any of the remaindermen or reversioners as parties plaintiff, for the sale of said property and reinvestment of the funds under the provisions of this section, but in every such action when the rights of minors or other persons not *sui juris* are involved, a competent and disinterested attorney shall be appointed by the court to file answer and represent their interests.

S.L. 1927-124, 1927 N.C. Sess. Laws 17; *Stepp v. Stepp*, 200 N.C. 237, 240, 156 S.E. 804, 805 (1931).

The 1927 amendment[2] as currently codified in section 41-11 states,

---

[2] For clarity and consistency, we refer to the portion of statutory text quoted below as currently codified in section 41-11 as the 1927 amendment throughout this opinion.

> Any person or persons owning a life estate in lands which are unproductive and from which the income is insufficient to pay the taxes on and reasonable upkeep of said lands shall be entitled to maintain an action, without the joinder of any of the remaindermen or reversioners as parties plaintiff, for the sale of said property for the purpose of obtaining funds for improving other nonproductive and unimproved real estate so as to make the same profit-bearing, all to be done under order of the court, or reinvestment of the funds under the provisions of this section, but in every such action when the rights of minors or other persons not sui juris are involved, a competent and disinterested attorney shall be appointed by the court to file answer and represent their interests. The provisions of the preceding sentence, being remedial, shall apply to cases where any title in such lands shall have been acquired before, as well as after, its passage--March 7, 1927.

N.C. Gen. Stat. § 41-11 (2024).

However, as mentioned by Plaintiff, our Supreme Court has been expressly clear about the function of this amendment in relation to the whole statute.

> It will be noted that the [1927] amendment says that in certain particular cases "any person or persons owning [. . .] lands which are unproductive and from which the income is insufficient to pay the taxes on and reasonable upkeep of said lands shall be entitled to maintain an action, without the joinder of any of the remaindermen or reversioners as parties plaintiff."
>
> This amendment, where the land is unproductive, etc., *extends the right of action* [in section 41-11] to include life estates where there are vested remaindermen and reversioners without their joinder. The section [ ] which is amended theretofore had reference only to contingent remainders. . . .
>
> The language in the amendment of 1927 . . . is clear and

unmistakable. We must give it force and effect.

*Stepp*, 200 N.C. at 240–41, 156 S.E. at 805–06 (emphasis added).[3]

"This Court has no authority to overrule decisions of our Supreme Court, and we have the responsibility to follow those decisions until otherwise ordered by our Supreme Court." *Andrews v. Haygood*, 188 N.C. App. 244, 248, 655 S.E.2d 440, 443, *aff'd,* 362 N.C. 599, 669 S.E.2d 310 (2008) (citation modified). Thus, we are bound by our Supreme Court's longstanding ruling that the 1927 amendment "extends the right of action" in section 41-11 and need not proceed further with Plaintiff's argument as to an independent right of action. *Stepp*, 200 N.C. at 240, 156 S.E. at 806.

## B. Conclusion of Law 2(c)

Plaintiff next contends the trial court erred in conclusion of law 2(c) by "incorrectly stating the evidentiary burden required by the 1927 amendment" by looking to "if the interest of all parties require or would be materially enhanced by it" instead of "if the land is unproductive, and the sale is for the purpose of improving other unproductive land or for reinvestment of the funds." N.C. Gen. Stat. § 41-11. Additionally, Plaintiff argues "even if the correct standard . . . had been adopted, no

---

[3] Our Supreme Court's decision in *Stepp* cites to 3 C.S. § 1744 (1924). The portions of section 1744 cited to and quoted by the Supreme Court in *Stepp* are materially the same as codified today in section 41-11. Portions of section 1744 regarding investment specifically in liberty bonds are no longer contained in section 41-11, and portions of section 41-11 pertaining to where the resident judge can make a ruling and mortgaging properties were not present in section 1744. None of these portions of either section are at issue in this case.

findings of fact existed to support the conclusion of law" because "there is no finding of fact that the income from the property was 'insufficient to pay the taxes on and reasonable upkeep of the property.'" We disagree.

Plaintiff's argument again rests on the premise Defendant's "claims must be claims asserted pursuant to the 1927 amendment," in line with his argument that the 1927 amendment constitutes an independent cause of action. But, as noted above, pursuant to *Stepp v. Stepp*, the 1927 amendment "extends the right of action" in section 41-11 from solely including contingent remainders "to include life estates where there are vested remaindermen and reversioners without their joinder." 200 N.C. at 240, 156 S.E. at 806. Therefore, we continue to interpret the statute as a whole. *Rhyne*, 358 N.C. at 188, 594 S.E.2d at 20.

"When interpreting a statute, 'it must be presumed that the means employed by the Legislature to express its will are adequate to the purpose and do express that will correctly.'" *State v. Daw*, 386 N.C. 468, 476, 904 S.E.2d 765, 772 (2024) (quoting *State v. Barco*, 150 N.C. 792, 796, 63 S.E. 673, 674 (1909)). Section 41-11 states, in part, "[t]he court shall, if the interest of all parties require or would be materially enhanced by it, order a sale of such property or any part thereof for reinvestment." N.C. Gen. Stat. § 41-11. The 1927 amendment to section 41-11 that Plaintiff emphasizes says in part "[a]ny person or persons owning a life estate in lands which are unproductive and from which the income is insufficient to pay the taxes on and reasonable upkeep of said lands shall be entitled to maintain an action." *Id.*

Considering the text of the whole statute and giving all of the statute's text meaning, this text emphasized by Plaintiff serves as a factual basis upon which an action could be maintained as well as the factual basis upon which a court can conclude it is in the interest of the parties or materially enhances the parties for the court to order sale of the property. *Id.* Additionally, following our Supreme Court's holding this amendment to be an extension of actions permitted under section 41-11, the evidentiary standard of "if the interest of all parties require or would be materially enhanced by it" also applies to claims under section 41-11 extended by the 1927 amendment. *Id.*

Here, the trial court adopted the findings of fact from the Clerk of Superior Court, and these findings are unchallenged in this appeal. Thus, the Clerk of Superior Court's findings of fact as adopted by the trial court are binding on appeal. *Biber*, 365 N.C. at 168, 712 S.E.2d at 878 ("[W]hen, as here, the trial court's findings of fact are not challenged on appeal, they are deemed to be supported by competent evidence and are binding on appeal." (citing *State v. Baker,* 312 N.C. 34, 37, 320 S.E.2d 670, 673 (1984))). The findings of fact adopted by the trial court found that Defendant generates $700.00 per month in rental income and "managed to pay taxes and insurance" on the property, but "has not had sufficient income to maintain and make necessary repairs for said real property," could not obtain a loan for repairs, is retired, suffers from poor health, receives his source of income from social security, and "cannot maintain and repair the premises as needed to keep it in good state of

order and repair" due to the lack of his social security and rental income. Further, the Clerk of Superior Court found that the "current needs for repair and maintenance to said real property are at a minimum in excess of $25,000" and "all Parties acknowledge the repairs will be substantial." In addition, the Clerk of Superior Court found "since the death of Latane Clore, [] Plaintiff and Third-Party Defendants have not contributed any funds for the maintenance, repairs or upkeep of the premises, nor paid any taxes and insurance."

These findings of fact are sufficient to show that the property was unproductive with mounting maintenance and financial constraints bringing the property's value and income potential down. Likewise, the findings show that Defendant could not pay both the taxes and reasonable upkeep on the income he earned, including both the social security income and the monthly rental income. Thus, these findings of facts properly serve as the basis for the maintenance of this action and as the factual basis for the trial court's conclusion of law 2(c). In other words, upon finding that the property is unproductive and Defendant could not pay for taxes and reasonable upkeep, it is in the best interest of the parties for the court to order sale of the property.

Thus, the trial court did not err with conclusion of law 2(c).

## C. Conclusion of Law 2(d)

Plaintiff argues that the trial court erred in conclusion of law 2(d) "by providing for the distribution of proceeds from the sale of the property in a manner inconsistent

with the 1927 amendment." Specifically, Plaintiff contends "[t]he 1927 amendment, despite specifically establishing a cause of action for a life tenant, notably does not provide any basis for a life tenant to be paid the cash value of their life tenancy." We disagree.

Plaintiff again premises his argument on the 1927 amendment to section 41-11 creating a separate action from the rest of section 41-11. However, as reasoned above and in line with our Supreme Court's decision that the 1927 amendment extended section 41-11, we review section 41-11 as a whole, including the 1927 amendment.

Plaintiff is correct that the 1927 amendment to section 41-11 did not include language specifying that a life tenant could "cash in" the value of the life tenancy, as our Supreme Court observed in *Stepp*. 200 N.C. at 241, 156 S.E. at 806 ("The amendment says 'reinvestment of the funds under the provisions of this section.' This amendment does not seem to permit the life tenant to 'cash in.'"). Rather, the 1927 amendment, as currently codified in section 41-11 states that the life tenant, subject to conditions discussed above,

> shall be entitled to maintain an action . . . for the sale of said property for the purpose of obtaining funds for improving other nonproductive and unimproved real estate so as to make the same profit-bearing, all to be done under order of the court, or reinvestment of the funds under the provisions of this section.

N.C. Gen. Stat. § 41-11.

Although the 1927 amendment itself did not include in its text the distribution of funds received for sale of property to the life tenant as found in conclusion of law 2(d) in this case, other portions of section 41-11 provided this option to the trial court. As noted by the Supreme Court in *Stepp*, 200 N.C. at 241, 156 S.E. at 806, section 41-11 says, in relevant part,

> And after the sale of such property in all proceedings hereunder, where there is a life estate, in lieu of said interest or investment of proceeds to which the life tenant would be entitled to, or to the use of, the court may in its discretion order the value of said life tenant's share during the probable life of such life tenant, to be ascertained as now provided by law, and paid out of the proceeds of such sale absolutely, and the remainder of such proceeds be reinvested as herein provided.

As cited by the trial court, our Supreme Court confirmed the availability of the trial court's ability to order sale of a property and order the life tenant to be paid the present value of the life tenant's share after costs and judgment under section 41-11 thereafter in *Menzel*, stating, "[t]he statutory authority now given to ascertain and pay over to the life tenant the present value of his interest was inserted in what is now [section] 41-11." 250 N.C. at 656, 110 S.E.2d at 338. Further, in *Crumpton*, the Supreme Court said section 41-11 "contemplates that the proceeds of the sale, *less expenses and perhaps the present worth of the life tenant's share*, will be reinvested, either in purchasing or in improving real estate." 290 N.C. at 655, 227 S.E.2d at 591 (emphasis added). In reliance on *Crumpton* and *Menzel*, this Court has held "[t]he purpose of [section 41-11] is to ascertain and pay the life tenant the present value of

his interest, while protecting the interests of the remainderman." *FMB, Inc. v. Creech*, 198 N.C. App. 177, 182, 679 S.E.2d 410, 413 (2009) (first citing *Crumpton,* 290 N.C. at 655, 227 S.E.2d at 591; and then citing *Menzel,* 250 N.C. at 656, 110 S.E.2d at 338).

Further, the Supreme Court heard an appeal from a seemingly similar fact pattern to the facts in this case in *Parrish v. Parrish*, 247 N.C. 584, 101 S.E.2d 480 (1958). There, the remaindermen filed a waste action against the life tenant. *Id.* at 584, S.E.2d at 481. In her defense, the life tenant averred and stated, "on account of the condition of said premises and her inability to make the necessary repairs, she hereby agrees that her dower interest may be computed to cash upon a public sale of said property for a division and will to join in the necessary proceedings for that purpose." *Id.* at 584–85, 101 S.E.2d at 481. The life tenant then requested "the court decree a sale of said land for division and that [the life tenant's] dower interest be computed and paid to her in cash." *Id.* at 585, 101 S.E.2d at 481. After a jury found the life tenant committed waste and damages of $1,200, the "plaintiffs tendered judgment that they recover $1,200, and if the sum is not paid on a day to be fixed by the court, that the plaintiffs recover the property." *Id.* The trial court refused to sign the judgment, instead entering a judgment that the plaintiffs recover $1,200 and ordering sale of the property pursuant to section 41-11 and *Stepp* with the life tenant share to be "diminished in the amount of this judgment and the costs, and the balance remaining [. . .] shall be paid [. . .] to the life tenant absolutely." *Id.*

On appeal, the Supreme Court held that the trial court committed error, not because section 41-11 or its 1927 amendment did not permit the life tenant be paid for the value of her life tenancy, but because "a sale under [section 41-11] can be ordered only in a 'special proceeding' which must be instituted before the clerk of the superior court," which was not done in that case. *Id.* at 482, 101 S.E.2d at 586. The Supreme Court did not premise the dispersal of the present value of the life estate to the life tenant upon her needing to show that the purpose of the sale is for improving nonproductive lands or reinvestment, nor did it reject the trial court's basis of its order on *Stepp* or distinguish between the 1927 amendment and the rest of section 41-11.

Unlike the error in *Parrish*, the special proceedings here were instituted before the Clerk of the Superior Court. Thus, the sale and distribution of the value of the life tenancy less any judgment or court fees was permissible under section 41-11 here.

Plaintiff contends the trial court incorrectly relied on the cases cited in conclusion of law 2(d), which included *Creech*, *Crumpton*, *Menzel*, and *Stepp*. While Plaintiff is correct that *Creech* and *Crumpton* contained different procedural postures and factual scenarios and that *Crumpton* and *Menzel* did not address the text contained in the 1927 amendment, Plaintiff is incorrect that these cases are inapplicable and unsupportive of the trial court's conclusion.

Each case the trial court cited and the reasoning for which it was cited was a broadly applicable legal ruling about the purpose and function of section 41-11, of

which the 1927 amendment is a part. *Crumpton*, 290 N.C. at 655, 227 S.E.2d at 591; *Menzel*, 250 N.C. at 656, 110 S.E.2d at 338; *Stepp*, 200 N.C. at 240–41, 156 S.E. at 806; *Creech*, 198 N.C. App. at 182, 679 S.E.2d at 413. Plaintiff's contention these cases are inapplicable solely because they do not specifically address the 1927 amendment, is, as addressed above, based upon divisions in the statute which neither the legislature nor the courts have devised. Furthermore, in *Stepp*, as previously noted, the Supreme Court recognized the text of the 1927 amendment did not "permit the life tenant to 'cash in,'" 200 N.C. at 241, 156 S.E. at 806, yet immediately before said,

> "It may be further noted that . . . 'in lieu of said interest or investment of proceeds to which the life tenant would be entitled to, or to the use of, the court may in its discretion order the value of said life tenant's share during the probable life of such life tenant, to be ascertained as now provided by law, and paid out of the proceeds of such sale absolutely.'"

*Id.* (quoting 3 C.S. § 1744). Thus, our Supreme Court recognized that section 41-11 permits the sale of the property and distribution of the present value of the life estate to the life tenant, less expenses.

Therefore, the trial court did not err in conclusion of law 2(d).

## III.   Conclusion

We hold there was no error in the trial court's 5 April 2024 judgment and affirm the trial court's order to sell the property and distribute the proceeds from the sale in accordance with section 41-11.

AFFIRMED.

Judges HAMPSON and WOOD concur.